Harold C. STUART

v.

Carolyn S. BURFORD.

Joan S. STUART

v.

Carolyn S. BURFORD.

Civ. Nos. 6618, 6619.*

United States District Court
N. D. Oklahoma.

Feb. 13, 1967.

Irvine E. Ungerman, E. J. Doerner, Tulsa, Okl., for plaintiffs.

Berry & Berry, Oklahoma City, Okl., for defendant.

* Identical opinions were rendered in these cases. Only one is published.

## ORDER

**DAUGHERTY, District Judge.**

The plaintiff sues the defendant for damages and injunctive relief for alleged tortious conduct involving an invasion of plaintiff's rights of privacy claimed to have been committed by the defendant against the plaintiff in Tulsa County, Oklahoma, by and through certain agents, servants and employees of the defendant.

The defendant was personally served in the State of Missouri under the provisions of Rule 4(e), F.R.Civ.P., 28 U.S. C.A., and 12 Oklahoma Statutes 187. The plaintiff claims in her brief that 12 Oklahoma Statutes 1701.01 et seq., also permits such service in this case. Both of the above cited statutes provide for "long-arm" service on one who *in person or through another* as to the cause of action sued on committed an act (12 Oklahoma Statutes 187) or caused a tortious injury (12 Oklahoma Statutes 1701.01 et seq.) in the State of Oklahoma.

The defendant has moved to quash the service of summons upon her herein and to dismiss the action for lack of jurisdiction over her person. The motion states that the defendant "has not been in Oklahoma for many years, and has not had minimum contacts with the State of Oklahoma sufficient to permit lawful service of summons outside the state in which this Court sits."

The plaintiff in her Complaint alleges that the "act" or acts and "tortious injury" sued for were committed against her in Oklahoma by named agents of the defendant. This agency is not denied by the defendant by anything before the Court. If there is any issue as to agency or scope of authority, the Court will consider the same at the trial on the merits.

 There can be no question now that one said to have committed a tort in this State by an agent is subject to the "long-arm" service allowed by the above statutes. A tort said to have been committed in a state is deemed sufficient to meet the "minimum contacts" standard of International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945). Genet v. Smith, (Okl. 1965) 400 P.2d 161; Simms v. Hobbs, (Okl.1966) 411 P.2d 503; Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L. Ed.2d 39, appeal dismissed 382 U.S. 110, 86 S.Ct. 256, 15 L.Ed.2d 192; St. Clair v. Righter, (W.D.Va.1966) 250 F.Supp. 148.

The defendant's Motion to Quash and to Dismiss is denied. The defendant is granted twenty (20) days from date hereof to Answer the Complaint.