Charles Roy ARTERBURY, Appellant,

v.

AMERICAN BANK AND TRUST COMPANY, Appellee.

No. 8449.

Court of Civil Appeals of Texas, Texarkana.

July 12, 1977.

Rehearing Denied Aug. 2, 1977.

Harry B. Friedman, Harkness, Friedman & Kusin, Texarkana, for appellant.

Stephen Oden, Atchley, Russell, Waldrop & Hlavinka, Texarkana, for appellee.

CORNELIUS, Justice.

The sole issue in this appeal is whether the District Court of Bowie County acquired, by virtue of Tex.Rev.Civ.Stat.Ann. art. 2031b, *in personam* jurisdiction of appellee bank, a Louisiana corporation, in appellant's suit against the bank for wrongful repossession of an automobile.

When appellant purchased the automobile he was a resident of Louisiana. To pay a portion of the purchase price he borrowed funds from appellee, a state chartered bank having its principal place of business in Coushatta, Louisiana. He signed a note and collateral security instrument which provided for installment payments to retire the loan and which also contained provisions allowing private or "self help" repossession and sale of the automobile by the bank in case there was a failure to pay the installments. Appellant thereafter moved to Texas. He became delinquent in his payments and the bank, by written agreement, engaged the Texarkana National Bank of Texarkana, Texas, as its agent to collect the note and to repossess the automobile. While appellant was at work, a Mr. Larry Crank, an employee of the Texarkana National Bank, went to appellant's home, insisted that appellant's wife give him the keys to the automobile, and took possession of it on behalf of appellee. Appellant subsequently filed suit in the District Court of Bowie County alleging that appellee unlawfully converted his automobile by effecting an unauthorized and wrongful repossession

without notice or hearing. Appellee filed its special appearance under Tex.R.Civ.P. 120a to contest the jurisdiction. After hearing evidence, the district court sustained the plea and dismissed appellant's cause of action.

The district court's determination that it did not have jurisdiction of appellee was based upon findings of fact and conclusions of law generally to the effect that appellee did not do business in Texas; appellant was in default on the note; appellant's wife voluntarily surrendered possession of the automobile; Mr. Crank was acting as appellee's agent in making the repossession, but appellee did not authorize him to obtain possession of the automobile by any unlawful means; no breach of the peace or other tort was committed in the repossession; appellee did not have the necessary minimum contacts in Texas which are prerequisite to the exercise of jurisdiction; and the assumption of jurisdiction over appellee would offend traditional notions of fair play and substantial justice.

■ We have concluded that the trial court's determination that it did not have jurisdiction of appellee was in error. Tex. Rev.Civ.Stat.Ann. art. 2031b, commonly referred to as the "long arm statute," provides in part as follows:

"Engaging in business in state; service upon person in charge of business

Sec. 2. When any foreign corporation, . . . though not required by any Statute of this State to designate or maintain an agent, shall engage in business in this State, in any action in which such corporation, . . . is a party or is to be made a party arising out of such business, service may be made by serving a copy of the process with the person who, at the time of the service, is in charge of any business in which the defendant or defendants are engaged in this State, provided a copy of such process, together with notice of such service upon such person in charge of such business shall forthwith be sent to the defendant or to the defendants (sic) princi-

pal place of business by registered mail, return receipt requested.

Act of engaging in business in state as equivalent to appointment of Secretary of State as agent

Sec. 3. Any foreign corporation, . . . that engages in business in this State, irrespective of any Statute or law respecting designation or maintenance of resident agents, and does not maintain a place of regular business in this State or a designated agent . . . the act or acts of engaging in such business within this State shall be deemed equivalent to an appointment by such foreign corporation, . . . of the Secretary of State of Texas as agent upon whom service of process may be made in any action, suit or proceedings arising out of such business done in this State, . . . ..

Doing business in state; definition

Sec. 4. For the purpose of this Act, and without including other acts that may constitute doing business, any foreign corporation, . . . shall be deemed doing business in this State by entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part by either party in this State, or the committing of any tort in whole or in part in this State."

Article 2031b represents an effort by the State of Texas to exploit the expanding limits of *in personam* jurisdiction to the fullest extent consistent with federal constitutional restraints. *Atwood Hatcheries v. Heisdorf & Nelson Farms*, 357 F.2d 847 (5th Cir. 1966); 2 McDonald's Texas Civil Practice, Sec. 9.29.5, p. 438. In determining whether a Texas court may thus extend its *in personam* jurisdiction over a non-resident or a foreign corporation, two questions must be answered in the affirmative. The first is whether the facts of the case bring it within the provisions of Article 2031b. The second is whether the exercise of jurisdiction pursuant to that statute would be

consistent with the due process requirements of the Fourteenth Amendment to the United States Constitution. *Estes Packing Co. v. Kadish & Milman Beef Co.,* 530 S.W.2d 622 (Tex.Civ.App. Fort Worth 1975, no writ); *Jetco Electronic Industries, Inc. v. Gardiner,* 473 F.2d 1228 (5th Cir. 1973). For the exercise of jurisdiction under such a long arm statute to comport with due process, three conditions must exist: (1) the non-resident defendant or foreign corporation must have purposefully done some act or consummated some transaction in the forum state; (2) the cause of action must arise from or be connected with such act or transaction; and (3) the assumption of jurisdiction by the forum state must not offend traditional notions of fair play and substantial justice, considering the quality, nature and extent of the activity in the forum state, the relative convenience of the parties, the benefits and protection of the laws of the forum state afforded the respective parties, and the basic equities of the situation. *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *O'Brien v. Lanpar Company,* 399 S.W.2d 340 (Tex.1966).

In Texas practice, the procedure for testing the propriety of assuming jurisdiction in such a case is a special appearance such as appellee filed here.[1] In the determination of such a special appearance, the burden of producing evidence and the burden of persuasion are both on the party contesting the jurisdiction. *Murray v. Murray,* 515 S.W.2d 387 (Tex.Civ.App. Waco 1974, no writ); *Hoppenfeld v. Crook,* 498 S.W.2d 52 (Tex.Civ.App. Austin 1973, writ ref'd n. r. e.); *Roquemore v. Roquemore,* 431 S.W.2d 595 (Tex.Civ.App. Corpus

Christi 1968, no writ); *Crothers v. Midland Products Co.,* 410 S.W.2d 499 (Tex.Civ.App. Houston 1967, no writ); 2 McDonald's, Texas Civil Practice, Sec. 9.05.3, p. 375; E. Wayne Thode, In Personam Jurisdiction; Article 2031B, The Texas "Long Arm" Jurisdiction Statute; And The Appearance To Challenge Jurisdiction In Texas And Elsewhere, 42 Texas L.Rev. 279 (1964). If such party fails to establish that he is not amenable to process in Texas, he has not met the requirements of Rule 120a and he is subject to the jurisdiction of the court. *Brown v. Brown,* 520 S.W.2d 571 (Tex.Civ. App. Houston—14th Dist. 1975, no writ); E. Wayne Thode, In Personam Jurisdiction, supra, at page 320.

There has been some confusion as to what constitutes the jurisdictional facts which may be sufficient to sustain jurisdiction in the forum state. The Texas statute authorizes jurisdiction if the non-resident or foreign corporation "engages in business in this state." The statute defines that term as including the "entering into contract by mail or otherwise with a resident of Texas to be performed in whole or in part . . . in this State, or the committing of any tort in whole or in part in this State." In discussing the proof necessary to sustain jurisdiction under the tort provisions of the statute, it has been said that a *prima facie* case of liability in tort must be demonstrated. *Jetco Electronic Industries, Inc. v. Gardiner,* supra. A better statement of the rule, however, is that there must be only a showing of the act on which jurisdiction is predicated, not a *prima facie* demonstration of the existence of a cause of action. Annot., 24 A.L.R.3d 532 (1969); *Product Promo-*

---

1. "Rule 120a. Special Appearance

   1. Notwithstanding the provisions of Rules 121, 122 and 123, a special appearance may be made by any party . . . for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State. . . . Such special appearance shall be made by sworn motion filed prior to plea of

privilege or any other plea, pleading or motion; . . . Every appearance, prior to judgment, not in compliance with this rule is a general appearance.

   2. Any motion to the jurisdiction provided for herein shall be heard and determined before a plea of privilege or any other plea or pleading may be heard. . . ."

*tions, Inc. v. Cousteau,* 495 F.2d 483 (5th Cir. 1974). Under the "commission of a tort" provisions of a long arm statute, the jurisdictional requirements are met when the defendant, personally or through an agent, is the author of an act or omission within the forum state, and the petition states a cause of action in tort arising from such conduct. The act or omission within the state is a sufficient basis for the exercise of jurisdiction *to determine whether or not the act or omission gives rise to liability in tort. Nelson v. Miller,* 11 Ill.2d 378, 143 N.E.2d 673 (1957); *Smyth v. Twin State Improvement Corp.,* 116 Vt. 569, 80 A.2d 664 (1951); *Beck v. Spindler,* 256 Minn. 543, 99 N.W.2d 670 (1959); *Boit v. Emmco Insurance Company,* 271 F.Supp. 366 (D.Mont. 1967); E. Wayne Thode, In Personam Jurisdiction, supra, at page 323. As ultimate liability in tort is not a jurisdictional fact, *Rensing v. Turner Aviation Corporation,* 166 F.Supp. 790 (N.D.Ill., E.D., 1958); *Longines-Wittnauer W. Co. v. Barnes & Reinecke, Inc.,* 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, 24 A.L.R.3d 508 (1965), cert. denied, *Estwing Mfg. Co. v. Singer,* 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158 (1965), the merits of the alleged cause of action are not at issue in the jurisdictional hearing. E. Wayne Thode, In Personam Jurisdiction, supra, at page 326.

■ Applying the foregoing principles to the case before us, there was undisputed proof of the *act* which gave rise to the alleged tort liability—appellee's taking possession of the automobile in Texas through its agent employed for that purpose. Appellant has alleged that the act was of such an unauthorized and wrongful nature that it amounted to a conversion. It remains to be seen whether appellant can prove, in a trial on the merits, that the act was in fact tortious. But the act was proved, and as appellant alleged that the act gave rise to ultimate liability in tort, the case comes within the provisions of Article 2031b and the court had jurisdiction to determine the question of liability in a full trial on the merits, unless the assumption of jurisdiction

offends the standards of due process and fairness as enunciated in *International Shoe Co. v. Washington,* supra, and the other authorities heretofore cited. See *Cherokee Laboratories, Inc. v. Rotary Drilling Services, Inc.,* 383 F.2d 97 (5th Cir. 1967); *Stuart v. Burford,* 264 F.Supp. 191 (N.D. Okl.1967); *Rensing v. Turner Aviation Corporation,* supra.

■ For the assumption of jurisdiction to meet the requirements of due process it is only necessary that the non-resident or foreign corporation have certain minimum contacts with the forum state so that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* supra. Jurisdiction on the basis of a single act in the forum state has been uniformly upheld. Annot., 24 A.L.R.3d 532 (1969). In two cases having facts very similar to those here, the courts have sustained jurisdiction on the sole basis of an act of repossession of a motor vehicle by the defendant in the forum state, which act is alleged by the plaintiff to have constituted a tort. *Painter v. Home Finance Company,* 245 N.C. 576, 96 S.E.2d 731 (1957); *Boit v. Emmco Insurance Company,* supra. See also *Stuart v. Burford,* supra.

■ When appellee, through its agent, came into Texas to effect a repossession of appellant's automobile, it did so purposefully in order to advance its own interests. While engaged in such conduct it enjoyed the benefit and protection of the laws of Texas, including the right to resort to our courts. *Nelson v. Miller,* supra. As said by the United States Supreme Court in *International Shoe Co. v. Washington,* supra, 326 U.S. at page 319, 66 S.Ct. at page 160, 90 L.Ed. at page 102:

"To the extent that a corporation exercises the privilege of conducting activities within a state, it enjoys the benefit and protection of the laws of that state. The

exercise of that privilege may give rise to obligations, and so far as those obligations arise out of or are connected with the activities within the state, a procedure which requires the corporation to respond to a suit brought to enforce them can in most instances hardly be said to be undue."

It is not unreasonable to require a non-resident to defend in this state an action which grows out of the very act which the non-resident committed in this state. *Nelson v. Miller,* supra; *Collins v. Mize,* 447 S.W.2d 674 (Tex.1969).

Appellee argues that the Louisiana courts are better able to determine the respective rights of appellant and appellee under the provisions of the note and security instrument, and for that reason jurisdiction should rest in the Louisiana courts. But the cause of action here is not on the note and security instrument. Although their provisions will of necessity be involved, the action here is for tort in effecting the repossession.

As a partial basis for its decision to decline jurisdiction, the district court relied upon its findings that appellant was in default on the note, no tort or breach of the peace was committed in the repossession, and that appellee did not authorize its agent to take any unlawful action. The questions relating to ultimate liability for tort or breach of the peace were not properly at issue in the jurisdictional hearing. Those questions are to be reserved for a trial on the merits. Tex.R.Civ.P. 120a; E. Wayne Thode, In Personam Jurisdiction, supra, at page 326. Furthermore, it is no defense to say that the agent was authorized only to do those acts which would be lawful. If an agent is acting within the scope of his general authority, his wrongful act, though unauthorized, will nevertheless subject his principal to liability. *International & G. N. R. Co. v. Anderson,* 82 Tex. 516, 17 S.W. 1039 (1891); *Houston Printing Co. v. Jones,* 282 S.W. 854 (Tex.Civ.App. Galveston 1925, writ dism'd); *Blackwell v. Ship Channel Development Co.,* 264 S.W.

223 (Tex.Civ.App. Beaumont 1924, writ dism'd); 2 Tex.Jur.2d, Agency, Sec. 199, pp. 648, 649.

For the reasons stated, we conclude that the trial court should have overruled appellee's special appearance and taken jurisdiction of appellant's suit. The judgment is reversed and judgment is here rendered overruling appellee's special appearance and reinstating appellant's cause of action on the docket of the court.