**PORTLAND SAVINGS & LOAN
ASSOCIATION, Appellant,**

v.

**Sidney T. BERNSTEIN and Zayle A.
Bernstein, Appellee.**

No. 13–83–511–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 29, 1984.

Rehearing Denied Feb. 21, 1985.

Second Rehearing Overruled
March 14, 1985.

James R. Harris, Harris, Cook & Browning, Corpus Christi, for appellant.

Ted B. Roberts, Meredith & Donnell, Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and SEERDEN, JJ.

## OPINION

KENNEDY, Justice.

This is an appeal from an order sustaining appellees' special appearance entered pursuant to TEX.R.CIV.P. 120a. We reverse and remand for a trial on the merits.

The issues in this case are (1) whether appellees, by their invoking the powers of the trial court, consented to the jurisdiction of that court, (2) whether the trial court acquired, by virtue of Tex.Rev.Civ.Stat. Ann. art. 2031b (Vernon 1964), *in personam* jurisdiction of appellees, Sidney T. Bernstein and Zayle A. Bernstein, and (3) whether certain evidence was properly excluded.

The undisputed facts are set out here. Appellant, Portland Savings and Loan Association, was a savings and loan association organized and incorporated under the laws of the State of Texas with its principal place of business in Portland, Texas. Subsequent to the filing of this action Portland Savings and Loan Association was merged into and is now known as Charter Savings and Loan Association. Appellee, Sidney T. Bernstein, was, at all times relevant to the matters in this case, and is a resident of the State of Florida. Appellee, Zayle A. Bernstein, was, at all times relevant to the mat-

ters in this case, and is a resident of the State of Florida. Appellees, Sidney T. Bernstein and Zayle A. Bernstein, did not and do not maintain a place of business or have a designated agent in the State of Texas. Appellee, Sidney T. Bernstein, made and received telephone calls to and from Texas, sent and received letters to and from Texas, visited Texas and received visitors from Texas.

This dispute arises out of securities transactions between appellant and a Florida corporation, Legel Braswell Government Securities. Among other transactions, appellant gave certain GNMA securities to Legel Braswell for "safekeeping" and as collateral. For reasons not relevant to this appeal, appellant desired the return of these GNMA securities. Appellant then discovered that Legel Braswell had pledged the securities as collateral to a third party, Blyth, Eastman, Dillon & Company. After extensive negotiations regarding the return of the GNMA securities, Legel Braswell filed a petition for reorganization in Bankruptcy Court.

During the relevant times, Legel Braswell was represented by the law firm DiGiulian, Spellacy & Bernstein. Zayle A. Bernstein is the "Bernstein" in the firm name. Sidney T. Bernstein, is Zayle's younger brother and the attorney who handled Legel Braswell's affairs.

Appellant's first point of error asserts that appellees consented to the jurisdiction of the trial court. Appellees filed a Motion for Sanctions, under TEX.R.CIV.P. 170,[1] requesting that the trial court dismiss the cause of action with prejudice. Appellees also sought to have appellant's attorney disqualified in their Response to Motion to Qualify Status. Appellant asserts that these acts invoke the general jurisdiction of the trial court and are not in compliance with TEX.R.CIV.P. 120a.

Rule 120a provides a procedure for making a special appearance "for the purpose of objecting to the jurisdiction of the court over the person ... of the defend-

---

1. Rule 170 has been repealed, effective April 1, 1984. *See* TEX.R.CIV.P. 215.

ant." However, the rule also mandates strict compliance with the procedure. Every appearance, *prior* to judgment, not in compliance with Rule 120a is a general appearance. *Estate of Griffin v. Sumner,* 604 S.W. 221 (Tex.Civ.App.—San Antonio 1980, writ ref'd n.r.e.); TEX.R.CIV.P. 120a.

▇ Rule 120a also provides that other pleas, pleadings and motions may be filed and, specifically, that the use of the discovery process does not constitute a waiver of the special appearance. TEX.R.CIV.P. 120a. However, these pleas, pleadings and motions must be filed subject to the special appearance. *Stegall & Stegall v. Cohn,* 592 S.W.2d 427 (Tex.Civ.App.—Fort Worth 1979, no writ); *Frye v. Ross Aviation, Inc.,* 523 S.W.2d 500 (Tex.Civ.App.—Amarillo 1975, no writ). *See* 3 Tex.Jur.3d, Appearance § 14 (1980). Upon examination of the Response to Motion to Qualify Status and Motion for Sanctions, we find that neither of these pleadings are filed subject to the plea to the jurisdiction and therefore do not comply with Rule 120a.

In addition, we find that appellees' Motion for Sanctions specifically requests that the trial court "set the Defendants' Motion for Sanctions for immediate hearing and *before any other matter is heard."* (Emphasis added.)

Although when the subject of the discovery is relevant to the jurisdictional hearing, it may be permissible to have a hearing on a motion for sanctions before the jurisdictional hearing, we find, in this case, that it is apparent from the record that the overwhelming majority of the requested discovery could not be relevant to the proof of jurisdictional facts.

▇ When reaching a decision to exercise or decline jurisdiction, the trial court should rely only upon the necessary jurisdictional facts and should not reach the merits of the case. *Arterbury v. American Bank & Trust Co.,* 553 S.W.2d 943 (Tex.Civ.App.—Texarkana 1977, no writ). TEX.R.CIV.P. 120a. When the plaintiff alleges an action in tort and alleges that the cause of action arose out of an act commit-

ted in Texas, the necessary proof is only that the purposeful act was committed in this State. *Arterbury,* 553 S.W.2d at 947.

> Under the "commission of a tort" provisions of a long arm statute, the jurisdictional requirements are met when the defendant, personally or through an agent, is the author of an act or omission within the forum state, and the petition states a cause of action in tort arising from such conduct. The act or omission within the state is a sufficient basis for the exercise of jurisdiction *to determine whether or not the act or omission gives rise to liability in tort.* (emphasis in original)

*Arterbury,* 553 S.W.2d at 948. Ultimate liability in tort is not a jurisdictional fact, and the merits of the cause of action are not at issue. *Arterbury,* 553 S.W.2d at 948.

▇ By the same reasoning, defenses to the merits are not relevant in a jurisdictional hearing. *Arterbury.* Therefore, only discovery directed at Sidney T. Bernstein's and Zayle A. Bernstein's "purposeful acts" committed in this state are relevant to the jurisdictional hearing. Because the discovery addressed in the motion for sanctions was directed at the merits of the case and not the jurisdictional hearing, that motion is not in compliance with Rule 120a which requires that the hearing on the challenge to the jurisdiction must be heard and determined before any other matter. TEX.R.CIV.P. 120a(2). Appellants' first point of error is sustained.

The first point of error is dispositive of this case, and we will not address the remaining points; however, we have carefully examined appellee's cross-points, and they are hereby overruled.

The order sustaining defendant's special appearance is reversed and remanded for trial on the merits.