BRUNO'S INC., d/b/a/ Food
World, Appellant,

v.

ARTY IMPORTS, INC., Appellee.

No. 05–03–00271–CV.

Court of Appeals of Texas,
Dallas.

Nov. 12, 2003.

R. Douglas Scott, Cantey & Hanger, L.L.P., and Jon Gunnar Petersen, Dallas, for Appellant.

Philip Maurice Green, Jordan, Lewis & Warren, P.L.L.C., for Appellee.

Before Justices JAMES, FRANCIS, and LANG.

## OPINION

Opinion By Justice LANG.

Appellee, Arty Imports, Inc. sued appellant Bruno's, Inc. alleging respondeat superior liability for a fraudulent scheme and other tortious acts of Bruno's employee. Bruno's is an Alabama corporation which formerly operated grocery stores in Florida, Alabama, Georgia, and Mississippi. Bruno's filed a special appearance and claims the trial court erred in overruling it.

Bruno's asserts three issues on appeal: (1) the trial court erred in not looking beyond appellee's pleadings to resolve questions of fact in determining whether it had jurisdiction over Bruno's; (2) the trial court erred in finding a respondeat superior relationship between Bruno's and its former employee, co-defendant Mario Bultron Cheng (Bultron),[1] because the appellee failed to make a prima facie showing of two of the three elements of respondeat superior (i.e. that the actions of Bultron were (a) "in the furtherance of the employer's business," and (b) "for the accomplishment of the object for which the employee was employed"); and (3) the trial court erred in failing to grant Bruno's special appearance. The underlying premise of appellant's points on appeal, and the framework in which we must address these issues, is a challenge of the trial court's denial of the special appearance on the basis of (1) legal and factual insufficiency, and (2) a claim of error in the legal conclusion of the trial court drawn from the facts. We decide appellant's issues adversely to it and affirm the court's denial of the special appearance.

### BACKGROUND

Arty is a Texas corporation. Arty employed a bookkeeper named Castaneda who allegedly conspired with Bultron, an employee of Bruno's, to defraud Arty of thousands of dollars. Bultron was employed as a manager of Food World in Pensacola, Florida, one of Bruno's stores. According to Arty, Castaneda wrote unauthorized checks in Texas on Arty's bank accounts and sent the checks to Bultron in Florida. Most of the checks were made payable to Bultron. Bultron endorsed the checks payable to him, forged endorsements on the checks that were not payable to him, and cashed them all at the Food World in Pensacola, Florida. Arty alleged that Bultron had the authority to cash checks in his capacity as manager of Food World, and that when he cashed Arty's unauthorized checks he was acting within the course and scope of his employment. Bruno's is alleged to be liable for the acts of Bultron under the doctrine of respondeat superior.

In Plaintiff's Fifth Amended Petition, Arty claims in general terms that Bruno's has sufficient minimum contacts with Texas to meet jurisdictional requirements. It is Arty's position that Texas courts have specific personal jurisdiction over Bruno's, rather than general jurisdiction. The jurisdictional acts Arty claims to have pled are the same as the allegations that describe Bruno's liability, i.e., that Bultron, an employee of Bruno's, committed torts in part in the state of Texas within the course and scope of his employment for which Bruno's is liable under the legal theory of respondeat superior.

At the time of the special appearance hearing in the case before us, the trial court had before it: (1) the parties' pleadings; (2) an affidavit from the Assistant General Counsel for Bruno's regarding the

---

1. The pleadings below and the briefs of the parties refer to Mario Bultron Cheng as Bultron, and we will continue that practice here.

corporate status of Bruno's and the nature and location of its business; (3) affidavits by the president of Arty and by the custodian of its records regarding the fraudulent checks; (4) copies of the fraudulent checks; (5) a copy of Bultron's W–2 form for 1998; and (6) an affidavit by Bultron in which he swore that cashing checks was part of his employment responsibility as a manager of Bruno's Food World grocery store. No evidence at all was offered by Bruno's to dispute Arty's claim of Bultron's actions being within the course and scope of his employment by Bruno's or respondeat superior. Bruno's offered proof only as to its nonresidency. Bruno's did not address the sufficiency of Bultron's minimum contacts with the State of Texas either before the trial court or in the briefs presented to us. However, at argument upon submission, Bruno's conceded the court could exercise jurisdiction over Bultron.

In its special appearance Bruno's claimed the trial court did not have personal jurisdiction over it since it was not a Texas resident and it conducted no business in Texas. After a hearing, the trial court denied Bruno's special appearance and Bruno's request for findings of fact and conclusions of law. This appeal followed.

### DUE PROCESS AND PERSONAL JURISDICTION

Texas courts may exercise jurisdiction over a nonresident defendant when (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal and state constitutional guarantees of due process. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 17.041–17.069 (Vernon 1997 & Supp.2003); *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 807 (Tex. 2002), *cert. denied*, 537 U.S. 1191, 123 S.Ct. 1271, 154 L.Ed.2d 1025 (2003). The Texas long-arm statute authorizes the exercise of jurisdiction over a nonresident who does business in Texas. TEX. CIV. PRAC. & REM. CODE ANN. § 17.042 (Vernon 1997). A nonresident "does business" in Texas for the purposes of the Texas long-arm statute if he "commits a tort in whole or in part in this state." *Id.; see Arterbury v. Am. Bank & Trust Co.*, 553 S.W.2d 943, 946 (Tex.Civ.App.-Texarkana 1977, no writ). Because the language of the long-arm statute is broad, its requirements are met so long as the exercise of personal jurisdiction comports with the limitations of federal due process. *Guardian Royal Exch. Assurance, Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex.1991). Personal jurisdiction over nonresident defendants is constitutional when two conditions are met: (1) the defendant has established minimum contacts with the forum state; and (2) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice. *Id.*

A defendant's contacts with the forum state can give rise to either general or specific jurisdiction. *CSR Ltd. v. Link*, 925 S.W.2d 591, 595 (Tex.1996). Specific jurisdiction arises if the defendant's alleged liability arises from or is related to its contacts within the forum. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 & n. 8, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

### STANDARD OF REVIEW

The plaintiff bears the initial burden of pleading allegations sufficient to bring a nonresident defendant within the provisions of the long-arm statute. *Coleman*, 83 S.W.3d at 807; *see also Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 633 (Tex.App.-Dallas 1993, writ denied). In order to meet its burden, a plaintiff must show "the act on which jurisdiction is predicated, not a prima facie

demonstration of the existence of a cause of action." *Arterbury,* 553 S.W.2d at 947–948. Further, the jurisdictional requirements of our long-arm statute respecting "commission of a tort" are satisfied "when the defendant, personally or through an agent, is the author of an act or omission within the forum state, and the petition states a cause of action in tort arising from such conduct." *Id.* at 948.

 A nonresident defendant, challenging personal jurisdiction through a special appearance, carries the burden of negating all bases of personal jurisdiction. *Coleman,* 83 S.W.3d at 807. Even if there are no jurisdictional allegations in a plaintiff's petition, a defendant must negate all bases of jurisdiction. *Magic House AB v. Shelton Beverage L.P.,* 99 S.W.3d 903, 909 (Tex.App.-Dallas 2003, no pet.); *Temperature Sys., Inc. v. Bill Pepper, Inc.,* 854 S.W.2d 669, 673 (Tex.App.-Dallas 1993, writ dism'd by agr.). In such a case, proof that a defendant is a nonresident is sufficient to meet this burden. *Magic House AB,* 99 S.W.3d at 909. However, proof of nonresidency is not enough when a plaintiff alleges jurisdictional facts. *Id.* Then, a defendant must also negate the jurisdictional facts alleged. *Id.*

 Whether a court has personal jurisdiction over a defendant is a question of law. *Hotel Partners v. Craig,* 993 S.W.2d 116, 120 (Tex.App.-Dallas 1994, writ denied). In resolving this question of law, a trial court must frequently resolve questions of fact. *BMC Software Belgi-*

*um, N.V. v. Marchand,* 83 S.W.3d 789, 794 (Tex.2002). When reaching a decision to exercise or decline jurisdiction based on the defendant's alleged commission of a tort, the trial court should rely only upon the necessary jurisdictional facts · and should not reach the merits of the case. *Ring Power Systems v. Int'l de Comercio Y Consultoria,* 39 S.W.3d 350, 353 (Tex. App.-Houston [14th Dist.] 2001, no pet.); *Arterbury,* 553 S.W.2d at 948. In determining whether the trial court's ruling on a special appearance is correct, appellate courts review the trial court's factual findings for legal and factual sufficiency and review, de novo, the trial court's legal conclusions drawn from the facts. *Magic House AB,* 99 S.W.3d at 907 (citing *BMC Software,* 83 S.W.3d at 794–95). Even if requested by motion of a party, a trial court need not issue findings of fact and conclusions of law respecting its ruling on a special appearance.[2] When the trial court does not issue findings of fact and conclusions of law concerning its special appearance ruling, all facts necessary to support the order and supported by the evidence are implied. *See BMC Software,* 83 S.W.3d at 795; *Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990).

As it relates to our evaluation of a legal sufficiency point, we are guided by the Texas Supreme Court:

When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual

---

**2.** Texas Rules of Civil Procedure 296 and 297 do not impose any duty on the trial court to file findings of fact and conclusions of law where there has been no trial. *Kendrick v. Lynaugh,* 804 S.W.2d 153, 156 (Tex.App.-Houston [14th Dist.] 1990, no pet.). Texas Rule of Appellate Procedure 28.1 provides that appeals from interlocutory orders are accelerated, and that the trial court may, but need not, file findings of fact and conclusions

of law. *See Smith Barney Shearson, Inc. v. Finstad,* 888 S.W.2d 111, 114 (Tex.App.-Houston [1st Dist.] 1994, no pet.) (court did not err by failing to file findings of fact and conclusions of law in response to request because court is not required to do so in an accelerated appeal); *Hoffmann–La Roche, Inc. v. Kwasnik,* 109 S.W.3d 21, 26 (Tex.App.-El Paso 2003, no pet.).

sufficiency in the appropriate appellate court. (citations omitted) For legal sufficiency points, if there is more than a scintilla of evidence to support the finding, the no evidence challenge fails.

*BMC Software*, 83 S.W.3d at 795. In reviewing a factual sufficiency challenge, we set aside the trial court's decision only if its ruling is so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. *French v. Glorioso*, 94 S.W.3d 739, 744 (Tex.App.-San Antonio 2002, no pet.) (citing *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951)).

### APPLICATION OF LAW TO FACTS

In its fifth amended petition, Arty alleges that Bultron received and cashed fraudulent checks that were prepared by his co-conspirator, Arty's bookkeeper Castaneda. These checks were alleged to have been drawn on Arty's Texas bank account. Arty is a Texas corporation, the bookkeeper is a Texas resident, and the property converted was located in Texas. At the time Bultron cashed these checks, Arty alleges he was a manager of Food World, a Bruno's store in Pensacola, Florida. Arty alleges Bultron cashed these checks at the Food World where he worked, that cashing checks was within Bultron's authority as manager, and that when he cashed these checks he was acting within the course and scope of his employment. It is claimed by Arty that Bruno's liability derives solely from its relationship with its manager, Bultron, that Bultron cashed the checks in the course and scope of his employment with Bruno's and that Bruno's was liable under the doctrine of respondeat superior. Further, Arty contends that Bultron's conduct, acting as Bruno's employee, provides sufficient minimum contacts with Texas to meet the minimum jurisdictional requirements as to Bruno's.

In its special appearance, Bruno's asserts it is not a resident of Texas, does not conduct business in Texas, and has not committed any torts in Texas. Bruno's claims it has met its burden of negating all bases of jurisdiction by presenting affidavit proof to that effect. The substance of Bruno's first two points on appeal is that it need not show more in its special appearance to be successful, since Arty failed to meet its burden to "put forth a prima facie showing of the respondeat superior relationship between Bultron and Bruno's, Inc., during those activities complained of in Plaintiff's Original [sic] Petition." Further, Bruno's argues, specifically, that even assuming the truth of all the facts as pled by Arty, Arty's respondeat superior claim fails as a matter of law to allege a prima facie case of respondeat superior. In its final argument, Bruno's posits that the exercise of jurisdiction by the courts of Texas would offend traditional notions of fair play and substantial justice and would be inconsistent with the constitutional requirements of due process. In this regard, Bruno's argues that "all of the tortious activities that Plaintiff has alleged occurred in this case were performed by Bultron, not Bruno's, Inc."

In our analysis, we focus first upon whether jurisdictional facts are pled in Arty's allegations as to Bruno's. We note that there is no dispute between the parties that during the relevant time period, Bultron was a store manager for Bruno's, and apparently cashed fraudulent checks at the store. For the purposes of the special appearance, we assume cashing checks was part of his job as store manager. The elements of liability of an employer for an employee's actions under a theory of respondeat superior are that the employee was acting within his general authority, in furtherance of the employer's business, and to accomplish an objective

for which the employee was employed. *Gonzalez v. Ison–Newsome*, 68 S.W.3d 2, 5 (Tex.App.-Dallas 1999), *pet. dism'd w.o.j.*, 73 S.W.3d 178 (Tex.2001). Neither before the trial court, nor before this Court, has Bruno's asserted that the allegations regarding Bultron's actions being within the course and scope of his employment were insufficient to support a finding of jurisdiction over Bruno's.

The test of whether a plaintiff's allegations include jurisdictional facts is not whether a meritorious claim has been pled. *Arterbury*, 553 S.W.2d at 947–48. Hence, contrary to Bruno's argument, it is not determinative of the jurisdictional question before us to decide whether Arty alleged jurisdictional or other facts supporting each element of respondeat superior, i.e. a prima facie claim. We are faced only with the question of whether jurisdictional facts have been pled which are sufficient to bring a nonresident defendant within the provisions of the long-arm statute. *Hotel Partners*, 847 S.W.2d at 633. Arty pled in detail about Bultron's actions and alleged that his actions were within the course and scope of his employment with Bruno's. These are the pivotal jurisdictional acts pled.

■ We need not evaluate separately whether the trial court had jurisdiction over Bultron based upon the allegations in the petition. This issue was not attacked by Bruno's. Further, Bruno's admitted in oral argument that the trial court had jurisdiction over Bultron. Accordingly, an allegation by Arty that Bultron's actions in cashing Arty's checks were in the course and scope of his employment with Bruno's sufficiently articulated jurisdictional acts respecting Bruno's. *Arterbury*, 553 S.W.2d at 948. Bruno's was required to rebut those allegations in order to carry its burden to sustain its special appearance. *Magic House AB*, 99 S.W.3d at 909. How-

ever, Bruno's supported its special appearance by asserting only that it was not a resident of Texas, did not do business in Texas, and by making a general statement that it had not committed a tort, in whole or in part in the State of Texas. Accordingly, Bruno's did not carry its burden by negating all jurisdictional facts alleged. We resolve Bruno's first two issues adversely to it.

■ In its third issue, Bruno's complains generally that the trial court erred in denying its special appearance. In articulating this point, Bruno's repeats its argument that it has negated all bases of jurisdiction. On this point, we have already decided adversely to Bruno's. In addition, Bruno's argues that to subject it to jurisdiction in Texas does not comport with notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

In evaluating whether the assertion of jurisdiction comports with fair play and substantial justice, we consider the following factors: (1) the burden on the defendant; (2) the interests of the forum state in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Guardian Royal*, 815 S.W.2d at 231. As to the first point, defending itself in a distant forum will be a burden on Bruno's. However, the second and third factors weigh in favor of Arty. Texas courts have an interest in adjudicating claims of Texas residents and Texas is a convenient forum for the plaintiff and most of the witnesses. Moreover, the alleged torts which are the basis of this suit occurred in Texas. As to the fourth and

fifth points, the interstate judicial system's interest in efficiency and furthering social policies weighs in favor of Arty and Texas. The plaintiff is a Texas resident and the remainder of the case, asserted against other defendants, is pending before the Texas court. Any social policies may certainly be implemented by the Texas court. After weighing the competing interests, we conclude that it does not offend traditional notions of fair play to subject Bruno's to jurisdiction in Texas.

Having reviewed the whole record, including Arty's fifth amended petition and the other affidavits and documents filed with the trial court before the special appearance hearing, we conclude that Arty articulated jurisdictional acts respecting Bultron's actions which were tied to Bruno's through an allegation that Bultron was acting within the course and scope of his employment. Bruno's did not meet its burden of negating all potential bases of jurisdiction. *Temperature Sys., Inc.*, 854 S.W.2d at 676.

We conclude that there is more than a scintilla of evidence to support the court's implied findings of jurisdictional facts and that Bruno's has not sustained its challenge to the legal sufficiency of the implied fact findings. Further, in view of the foregoing, we conclude the implied findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Bruno's factual insufficiency attacks are not meritorious. Finally, our de novo review of the trial court's legal conclusion reveals it is supported by the facts, and there is no error.

Having decided appellant's issues adversely to it, we affirm the trial court's denial of Bruno's special appearance.