

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TRANSPORTADORA ATON, S.A. de C.V, | § | No. 08-23-00066-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 7 |
| SHAWN BLAIR PETERSON, Individually and as the Heir and Representative of the Estate of RASHON EL-AMIN PETERSON (Deceased), and MICHAEL ALLEN DUBRULE, | § § | of El Paso County, Texas |
| | § | (TC# 2022DCV2494) |
| Appellees. | § | |

**MEMORANDUM OPINION**

In this interlocutory appeal, Appellant Transportadora Aton S.A. de C.V. challenges the

trial court's denial of a special appearance filed pursuant to Rule 120a of the Texas Rules of Civil

Procedure.[1] We affirm.[2]

---

[1] Rule 120a requires a special appearance motion to be sworn. But here, Transportadora Aton's motion was neither sworn nor verified. *See* TEX. R. CIV. P. 120a; *Dawson-Austin v. Austin*, 968 S.W.2d 319, 321–22 (Tex. 1998) (holding an unsworn special appearance does not comply with Rule 120a and would be ineffectual to challenge in personam jurisdiction). Moreover, this procedural defect was never cured nor corrected by amendment as allowed. *See id.* at 322 (noting an unsworn special appearance motion may be amended to correct the defect as long as the amendment is filed before there is a general appearance). At the hearing on the motion, Transportadora Aton presented evidence in support of its jurisdictional claim, while appellees presented evidence to controvert the claim. The parties' evidence is more fully described in the body of this opinion. Notably, however, Appellees did not raise the procedural defect in the court below and they neither raised it on appeal. Thus, we determine that, even though the special appearance was initially presented through a defective pleading, the record establishes the jurisdictional claim was tried by consent. *See generally* TEX. R. CIV. P. 7, 90.

[2] On this same day, we also issue an unrelated opinion that similarly involves a denial of Transportadora Aton's special appearance in a lawsuit involving different parties and factual circumstances. *See Transportadora Aton, S.A. de C.V. v. Marquez*, No. 08-23-00052-CV (Tex. App.—El Paso Oct. 19, 2023, no pet. h.).

# BACKGROUND

On August 4, 2020, Shaun Blair Peterson, individually, and as heir and representative of the estate of Rashon El-Amin Peterson, deceased, filed a wrongful death lawsuit against Windstar Trucking, LLC and Javier Muniz Jimenez, based on a July 24, 2020, motor-vehicle collision. Peterson's son, Rashon, was riding as a passenger in a car driven by Michael Allen Dubrule. They traveled northbound on Zaragoza Road in El Paso, Texas. At about the same time, defendant Jimenez drove a commercial truck in a nearby lane traveling in the same direction while pulling a commercial tanker trailer (the tractor-trailer). Peterson alleged that, suddenly and without warning, at the intersection of Rich Beem Boulevard, Jimenez collided his tractor-trailer into Dubrule's vehicle. As a result of the collision, Peterson alleged that Rashon sustained injuries, and soon died.

On September 29, 2020, Dubrule filed a petition in intervention to join as a plaintiff in Peterson's pending lawsuit. Then, after several months, he amended his pleading by adding Transportadora Aton as a party defendant. Dubrule alleged Jimenez, the driver of the tractor-trailer, was employed and acting under the authority of both Windstar Trucking and Transportadora Aton at the time of the collision. He alleged claims of vicarious liability against defendants under a respondeat superior theory. Additionally, as to both defendants, he asserted direct claims of negligence based on negligent entrustment, negligent hiring, negligent retention, negligent training, and negligent supervision. Following Dubrule's lead, Peterson later amended his petition to similarly allege claims against Transportadora Aton.

Relevant to this appeal, Transportadora Aton filed a special appearance as its initial pleading. As a non-resident defendant, it asserted Appellees had each failed to allege sufficient facts to confer personal jurisdiction and it claimed that plaintiffs could not otherwise support their claims that it "does business in Texas." In support, Transportadora Aton attached two exhibits to its pleading: (1) the unsworn declaration of Jazmin Garcia Meraz (Garcia), its authorized

2

representative;[3] and (2) a copy of the Texas Peace Officer's Crash Report from the subject collision.

As far as the first exhibit attached to the special appearance, Garcia claimed that Transportadora Aton was a foreign entity organized and existing under the laws of the Republic of Mexico. She asserted that Transportadora Aton was not a Texas resident, did not maintain a registered agent for service in Texas, and was not amenable to process issued by Texas courts. Moreover, Garcia denied that Transportadora Aton ever engaged in business in Texas and she claimed it did not commit any tort in Texas. Rather, she urged that Transportadora Aton did not maintain a place of business or office in Texas, had no employees in Texas, and did not have any bank accounts in Texas. Garcia also claimed that Transportadora Aton did not own any tractors or trailers registered in Texas nor did it own any vehicle involved in the incident alleged by the suit. She also stated more generally that Transportadora Aton did not own or operate any commercial motor vehicles that travelled on Texas roads or highways. Lastly, she also claimed it did not own real or personal property in Texas, it did not pay income taxes in Texas, and it did not conduct business or sell goods in Texas. Regarding the second exhibit attached with the special appearance, the El Paso Police officer who investigated on scene, and ultimately prepared a Texas Peace Officer's Crash Report, only identified Windstar Trucking as the owner of the tractor-trailer involved in the subject collision.

---

[3] Garcia's two-page declaration indicates it was executed in Ciudad Juarez, Mexico, on November 25, 2022. Although a signature appears on the face of the document, the signature is neither notarized nor subscribed to as being true under penalty of perjury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a), (c) (requiring the unsworn declaration must be in writing and it must be subscribed by the person making it as true under penalty of perjury). Appellees did not object to the declaration in the trial court nor raise a complaint against it on appeal. For these reasons, any defect is waived. *See ACI Design Build Contractors Inc. v. Loadholt*, 605 S.W.3d 515, 518 (Tex. App.—Austin 2020, pet. denied) (holding objection that unsworn declaration's jurat did not comply with § 132.001's requirements was waived because objection was not raised in trial court); *see also Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012) (holding failure to object to absence of affidavit's jurat waives complaint on appeal).

Peterson filed a response to the special appearance, which was later joined by Dubrule. Together, Appellees asserted Transportadora Aton routinely did business in Texas contrary to its claims. In support, they first attached a Driver Loan-Out Agreement between it and Windstar Trucking. Appellees argued the agreement demonstrated that Transportadora Aton engaged in a "business of providing drivers on a 'loan out' basis to operate tractor-trailers." Pursuant to the contract, Transportadora Aton employed and provided drivers while Windstar Trucking provided the tractors and trailers which they operated to transport cargo "in the U.S. and Mexico." Second, Appellees attached Windstar Trucking's disclosures whereby it listed Transportadora Aton as Jimenez's employer. Third, Appellees attached the deposition of Jimenez wherein he testified that he was employed by Transportadora Aton. Lastly, Appellees attached photographs of the tractor-trailer Jimenez was driving when the collision occurred, which displayed Transportadora Aton's name on the door of the vehicle. Based on their attached exhibits, Appellees argued first, that Transportadora Aton conducted business in Texas by performing its contract with Windstar Trucking; and second, it committed a tort in Texas pursuant to a theory of vicarious liability for the negligence committed by its employee, Jimenez.

The trial court held a hearing on Transportadora Aton's special appearance. Following the hearing, Transportadora Aton filed a letter brief. The trial court ultimately denied the special appearance. Upon request by Transportadora Aton, the trial court issued findings of fact and conclusions of law in support of its ruling. Among its findings of fact and conclusions of law, the trial court explicitly concluded the evidence supported an exercise of specific jurisdiction over Transportadora Aton. This accelerated appeal followed.

## DISCUSSION

Transportadora Aton brings six issues comprehensively challenging the trial court's exercise of personal jurisdiction. First, it asserts Appellees failed to meet their initial pleading

burden. Second, it contends the alleged respondeat superior claim does not confer personal jurisdiction. Third, it urges it negated all potential bases for jurisdiction. Fourth, it argues the trial court's findings of fact were factually and legally insufficient. Lastly, as raised by its fifth and sixth issues, it asserts the trial court lacked both specific and general jurisdiction over it.

Because all of the issues are encompassed within an analysis of whether a trial court can exercise personal jurisdiction over a nonresident defendant, we address them together by first examining the existence of specific jurisdiction.

## A. Standard of review

Whether a court has personal jurisdiction over a defendant is a question of law reviewed de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). In considering a jurisdictional challenge, a trial court must frequently resolve questions of fact before deciding the legal question. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). When the trial court issues findings of fact and conclusions of law, as was done here, an appellant may challenge the findings of fact on legal- and factual-sufficiency grounds. *Fed. Corp., Inc. v. Truhlar*, 632 S.W.3d 697, 716 (Tex. App.—El Paso 2021, pet. denied). Under a factual-sufficiency challenge, we examine the entire record and consider the evidence in favor of, and contrary to, the challenged finding; however, we may set aside a finding only if that finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Id.* (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). Under a legal-sufficiency challenge, the record must contain more than a scintilla of evidence to support the questioned finding; if it does, the no-evidence point fails. *Id.* at 716–17 (citing *BMC Software*, 83 S.W.3d at 795).

**B. Applicable law**

"A court must have both subject matter jurisdiction over a case and personal jurisdiction over the parties to issue a binding judgment." *Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 7–8 (Tex. 2021). A Texas court may assert personal jurisdiction over a nonresident when two criteria are met: (1) the Texas long-arm statute must authorize the exercise of jurisdiction; and (2) the exercise of jurisdiction must comport with federal due-process guarantees. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)).

The Texas long-arm statute authorizes the exercise of jurisdiction over a nonresident defendant who "commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2). Allegations contending a tort was committed in Texas will satisfy our long-arm statute. *Moncrief Oil*, 414 S.W.3d at 149. Additionally, however, the allegations must satisfy due-process requirements. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex. 2007). That is, Texas courts interpret the long-arm statute to "reach as far as the federal constitutional requirements of due process will allow." *Id.* at 575 (quoting *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)).

To satisfy due-process requirements, personal jurisdiction may be exercised over a nonresident defendant only if two requirements are met: (1) the defendant has "minimum contacts" with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *See Luciano*, 625 S.W.3d at 8; *Moki Mac*, 221 S.W.3d at 575. A nonresident establishes minimum contacts with a forum when it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Moki Mac*, 221 S.W.3d at 575. The defendant's in-state activities "must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *Old*

6

*Republic*, 549 S.W.3d at 559 (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009)). Three important considerations guide our review of a nonresident's contacts with the state: (1) "only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person"; (2) "the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated"; and (3) "the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction." *Id.* (quoting *Moncrief Oil*, 414 S.W.3d at 151).

A nonresident defendant's minimum contacts with the forum gives rise to either general or specific jurisdiction. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010). A court has general jurisdiction over a nonresident defendant whose "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *TV Azteca*, 490 S.W.3d at 37 (alteration in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 (2014)). By contrast, specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S.Ct. 1017, 1024 (2021). The minimum contacts necessary for specific jurisdiction are established if the defendant purposefully avails itself of the privilege of conducting activities in the forum state and the suit arises out of or relates to the defendant's contacts with the forum. *Moki Mac*, 221 S.W.3d at 575–76.

When a nonresident defendant challenges personal jurisdiction over it, the plaintiff and defendant bear shifting burdens of proof. *Old Republic*, 549 S.W.3d at 559 (citing *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010)). The plaintiff bears the initial burden of pleading allegations sufficient to invoke jurisdiction under the long-arm statute. *Id.* If the plaintiff pleads sufficient jurisdictional allegations, the burden shifts to the nonresident defendant to negate all bases of jurisdiction alleged. *Id.* The defendant can meet this burden to negate jurisdiction by,

for example, "showing that 'even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction' or that 'the defendant's contacts with Texas fall short of purposeful availment.'" *Id.* (quoting *Kelly*, 301 S.W.3d at 659).

## C. Analysis

Transportadora Aton contends it is not a resident of Texas, does not conduct business in Texas, and it has not committed any torts in Texas. Accordingly, it asserts it met its burden to negate all bases of personal jurisdiction by presenting evidentiary proof to that effect. It further asserts Appellees' respondeat superior claim fails as a matter of law because that basis was not sufficient to confer personal jurisdiction.

### (1) Pleadings

We begin our analysis by determining whether jurisdictional facts are sufficiently pled against Transportadora Aton. Appellees alleged that Transportadora Aton was vicariously liable for the negligent acts and omissions of Jimenez under a respondeat superior theory. "The elements of liability of an employer for an employee's actions under a theory of respondeat superior are that the employee was acting within his general authority, in furtherance of the employer's business, and to accomplish an objective for which the employee was employed." *Bruno's Inc. v. Arty Imports, Inc.*, 119 S.W.3d 893, 898–99 (Tex. App.—Dallas 2003, no pet.).

Transportadora Aton asserts that even if Appellees' allegations are taken as true, allegations of respondeat superior liability are insufficient to confer jurisdiction. We reject this contention as courts have recognized claims of respondeat superior as a basis to confer personal jurisdiction unless there is an absence of a factual basis for bringing suit within Texas. *See Geo-Chevron Ortiz Ranch #2 v. Woodworth*, No. 04-06-00412-CV, 2007 WL 671340, at *3 (Tex. App.—San Antonio Mar. 7, 2007, pet. denied) (mem. op.) (finding allegations under a respondeat superior theory were sufficient to satisfy the Texas long-arm statute but were negated

because the individual's contacts were insufficient to support personal jurisdiction, making the company's contacts also insufficient); *Rattlesnake Ridge Ventures, LLC v. Ortiz*, No. 04-22-00004-CV, 2022 WL 3046946, at *4 (Tex. App.—San Antonio Aug. 3, 2022, pet. denied) (mem. op.) (holding pleadings under a respondeat superior theory failed to bring the nonresident defendant within the reach of the Texas long-arm jurisdiction when the driver was not a Texas resident and the alleged negligence did not occur in Texas but in Minnesota); *FedEx Corp. v. Contreras*, No. 04-19-00757-CV, 2020 WL 4808721, at *6 (Tex. App.—San Antonio Aug. 19, 2020, no pet.) (mem. op.) (holding plaintiff's respondeat superior claims failed to confer personal jurisdiction when the jurisdictional evidence showed the nonresident defendants did not employ the individual that caused the collision or owned the vehicle involved).

Moreover, the actions of a corporate agent can be attributed to its nonresident principal for jurisdictional purposes. *See Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840, 848 (Tex. App.—Houston [14th Dist.] 2010, no pet.). The test of whether a plaintiff's allegations include jurisdictional facts is not whether a meritorious claim has been pled. *Arterbury v. Am. Bank & Tr. Co.*, 553 S.W.2d 943, 947–48 (Tex. App.—Texarkana 1977, no writ). Accordingly, we are faced only with the question of whether jurisdictional facts have been pled which are sufficient to bring a nonresident defendant within the provisions of the long-arm statute. *Hotel Partners v. KPMG Peat Marwick*, 847 S.W.2d 630, 633 (Tex. App.—Dallas 1993, writ denied). Appellees alleged Jimenez was driving a vehicle owned by his employer, which they alleged was Windstar Trucking, or Transportadora Aton, or both. Also, they alleged Jimenez's actions were undertaken within the course and scope of his employment. From this, Appellees asserted that Transportadora Aton was vicariously liable through the doctrine of respondeat superior for the negligent act and/or omissions of Jimenez.

We determine it is not necessary to separately evaluate whether the trial court had jurisdiction over Jimenez based on the allegation in the petition. This issue was not attacked by Transportadora Aton. Accordingly, an allegation by Appellees that Jimenez's actions in causing the fatal collision while in the course and scope of his employment with Transportadora Aton were sufficiently articulated as jurisdictional facts.

### (2) Jurisdictional evidence

Having concluded Appellees met their initial pleading burden, we now look to whether Transportadora Aton negated those allegations in order to carry its burden to sustain its special appearance. *Old Republic*, 549 S.W.3d at 559; *Kelly*, 301 S.W.3d at 658.

First, Transportadora Aton asserts it rebutted the allegation claiming it employed Jimenez as a driver. Appellees respond that Transportadora Aton raises this challenge for the first time on appeal and, for that reason, it should be waived. *See* TEX. R. APP. P. 33.1. Even so, we conclude from the record presented that Transportadora Aton failed to negate Jimenez's employment. Transportadora Aton asserts Appellee Dubrule judicially admitted Windstar Trucking employed Jimenez. It further asserts the evidence showed Jimenez was actually employed by Windstar Trucking when the collision occurred. Specifically, the deposition of Jimenez shows he testified that on January 25, 2019, he began working for Windstar Trucking and signed documents agreeing to comply with all its policies and regulations. But Jimenez also testified that he was currently working for Transportadora Aton. He further testified that he had been working for Transportadora Aton for more than two years. Jimenez also explained that Transportadora Aton employs drivers to drive for Windstar Trucking. Appellees assert Jimenez was both an employee of Transportadora Aton and acting under the authority of Windstar Trucking at the time of the collision. Disputed fact issues relating to personal jurisdiction will be found in support of the trial court's judgment. *Hotel Partners v. Craig*, 993 S.W.2d 116, 120 (Tex. App.—Dallas 1994, writ denied) (citing *Zac*

10

*Smith & Co. v. Otis Elevator Co.*, 734 S.W.2d 662, 666 (Tex. 1987)). In sum, Transportadora Aton has failed to negate Appellees' allegation that Jimenez was employed by Transportadora Aton.

Next, Transportadora Aton contends that it negated the allegation that it owned the vehicle Jimenez was operating at the time of the collision. Specifically, it points to the declaration of its authorized representative stating that Transportadora Aton "does not own, control, operate, or direct the operation of one or more vehicles or trailers that transport persons or cargo over a road or highway in Texas." Also, Transportadora Aton relies on the crash report from the collision which states the "owner" of the vehicle involved was Windstar Trucking. In response, Appellees point to pictures of the vehicle which contain both Windstar Trucking's and Transportadora Aton's company logo on the vehicle's door. Based on the evidence presented, we conclude that Transportadora Aton failed to negate the allegation that the vehicle was owned by Transportadora Aton. As before, this disputed fact issue is found in support of the trial court's judgment.

### (3) Conclusion

Transportadora Aton does not contend the collision at issue did not occur in Texas nor that Jimenez was driving the vehicle involved. Rather, Transportadora Aton only asserted it was not a resident of Texas, it did not do business in Texas, and it generally claimed it had not committed a tort, in whole or in part, in the state. Accordingly, we conclude Appellees alleged sufficient facts under a respondeat superior cause of action and Transportadora Aton failed to negate any of the alleged facts in support of specific jurisdiction. Transportadora Aton failed to carry its burden by negating all jurisdictional facts alleged. *Bruno's Inc.*, 119 S.W.3d at 899; *see also Old Republic*, 549 S.W.3d at 559; *Kelly*, 301 S.W.3d at 658. Transportadora Aton purposefully availed itself of the privilege of conducting activities in Texas, and such are substantially connected to the operative facts of Appellees' claims.

Transportadora Aton does not address whether the trial court's assertion of jurisdiction over it would offend notions of fair play and substantial justice. When a party fails to adequately brief a contention, he presents nothing for our review. TEX. R. APP. P. 38.1(i). Even so, once a court determines that a nonresident defendant has purposefully established minimum contacts, only in "rare cases" will the exercise of jurisdiction not comport with fair play and substantial justice. *Stein v. Deason*, 165 S.W.3d 406, 415 (Tex. App.—Dallas 2005, no pet.) (citing *Guardian Royal*, 815 S.W.2d at 231). We conclude this is not such a case.

Accordingly, we conclude there is more than a scintilla of evidence to support the court's findings of fact and conclusions of law and thus Transportadora Aton has not sustained its challenge to the legal sufficiency of the evidence. In view of the foregoing, we further conclude the findings are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and manifestly unjust. Finally, our de novo review of the trial court's legal conclusion reveals it is supported by the facts, and there is no error. On this record, the trial court did not err in concluding it could exercise specific personal jurisdiction over Transportadora Aton. We overrule the issues addressing specific jurisdiction. Because we hold the record established the court's specific jurisdiction over Transportadora Aton, and the holding is dispositive of this interlocutory appeal, we do not reach its challenge against general jurisdiction. *See* TEX. R. APP. P. 47.1. Thus, we overrule the remainder of Transportadora Aton's issues.

## CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

October 19, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.