IN THE
TENTH COURT OF APPEALS
 

No. 10-03-00036-CV

     RODGER ZIMMERMAN,
                                                                              Appellant
     v.

     GLACIER GUIDES, INC., AND
     JIMMIE ROSENBRUCH,
                                                                              Appellees
 

From the County Court at Law No. 1
McLennan County, Texas
Trial Court # 20020319 CV1
                                                                                                                

MEMORANDUM OPINION
                                                                                                                

      Rodger Zimmerman filed suit against Glacier Guides, Inc. and its president Jimmie
Rosenbruch for unjust enrichment after Glacier Guides refused to refund nearly $20,000
Zimmerman had paid for an Alaskan hunting trip which Zimmerman was unable to attend. 
Zimmerman appeals the granting of Appellees’ special appearance. We will affirm.
      Zimmerman contends in his sole issue that the court erred by granting Appellees’ special
appearance because the evidence presented at the hearing supports a finding of specific
jurisdiction and because the lack of jurisdictional allegations in his petition is not fatal in view
of the evidence presented.
      In Lacefield v. Electronic Financial Group, this Court stated, “If the plaintiff fails to
allege any jurisdictional facts [in the petition], the defendant satisfies his burden [in a special
appearance hearing] by showing that he is a nonresident.” 35 S.W.3d 755, 761 (Tex.
App.—Waco 2000, no pet.) (citing Siskind v. Villa Found. for Educ., Inc., 642 S.W.2d 434,
438 (Tex. 1982); Vosko v. Chase Manhattan Bank, 909 S.W.2d 95, 99 (Tex. App.—Houston
[14th Dist.] 1995, writ denied); Temperature Sys., Inc. v. Bill Pepper, Inc., 854 S.W.2d 669,
673 (Tex. App.—Dallas 1993, writ dism’d by agr.)).
      Zimmerman contends that this holding is in conflict with the Supreme Court’s decision in
Kawasaki Steel Corp. v. Middleton. 699 S.W.2d 199 (Tex. 1985). There, the Supreme Court
held “that defective jurisdictional allegations in the petition . . . must be challenged by a
motion to quash, not a special appearance.” Id. at 203. However, subsequent decisions by
that Court and others convince us that our statement in Lacefield is correct.
      In American Type Culture Collection, Inc. v. Coleman, the Supreme Court recently
described the respective burdens of the parties in a case in which a nonresident defendant files
a special appearance as follows:
The plaintiff bears the initial burden of pleading allegations sufficient to bring a
nonresident defendant within the provisions of the long-arm statute. But upon filing a
special appearance, the nonresident defendant assumes the burden to negate all the
bases of personal jurisdiction alleged by the plaintiff.

83 S.W.3d 801, 807 (Tex. 2002) (citations omitted) (emphasis added). The Dallas Court of
Appeals recently observed that, “if there are no jurisdictional allegations in a plaintiff’s
petition, . . . proof that a defendant is a nonresident is sufficient to meet this burden.” Bruno’s
Inc. v. Arty Imports, Inc., 119 S.W.3d 893, 897 (Tex. App.—Dallas 2003, no pet.) (citations
omitted). Or as the Fourteenth Court of Appeals stated, “This standard does not mean that the
nonresident defendant must negate every possible ground in the universe, but rather the acts in
Texas alleged by the appellant to support personal jurisdiction.” Walker Ins. Servs. v. Bottle
Rock Power Corp., 108 S.W.3d 538, 548 (Tex. App.—Houston [14th Dist.] 2003, no pet.).
      Zimmerman concedes in his brief that “no jurisdictional facts were specifically alleged in
the Petition.” Zimmerman alleges in the petition and Appellees presented evidence by affidavit
that they are not Texas residents. Accordingly, Appellees satisfied their burden to negate all
pleaded jurisdictional allegations. See Siskind, 662 S.W.2d at 438; Bruno’s, 119 S.W.3d at
897; Walker Ins. Servs., 108 S.W.3d at 548; Lacefield, 35 S.W.3d at 761; accord Am. Type
Culture Collection, 83 S.W.3d at 807.
      Zimmerman’s sole issue is overruled. The judgment is affirmed.
 
                                                                   FELIPE REYNA
                                                                   Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna



      (Chief Justice Gray concurring)
Affirmed
Opinion delivered and filed July 7, 2004
[CV06]