

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| TRANSPORTADORA ATON, S.A. de C.V, | § | No. 08-23-00052-CV |
| Appellant, | § | Appeal from the |
| v. | § | 243rd Judicial District Court |
| DIAMOND MARQUEZ and DAVID HERNANDEZ, | § | of El Paso County, Texas |
| Appellees. | § | (TC# 2022DCV0750) |

## MEMORANDUM OPINION

In this interlocutory appeal, Appellant Transportadora Aton S.A. de C.V. appeals the trial court's denial of its special appearance filed pursuant to Rule 120a of the Texas Rules of Civil Procedure.[1] *See* TEX. R. CIV. P. 120a. We affirm.[2]

---

[1] Rule 120a requires a special appearance motion to be sworn. But here, Transportadora Aton's motion was neither sworn nor verified. *See* TEX. R. CIV. P. 120a; *Dawson-Austin v. Austin*, 968 S.W.2d 319, 321–22 (Tex. 1998) (holding an unsworn special appearance does not comply with Rule 120a and would be ineffectual to challenge in personam jurisdiction). Moreover, this procedural defect was never cured nor corrected by amendment as further allowed. *See id.* at 322 (noting an unsworn special appearance motion may be amended to correct the defect as long as the amendment is filed before there is a general appearance). At the hearing on the motion, Transportadora Aton presented evidence in support of its jurisdictional claim, while appellees presented evidence to controvert the claim. The parties' evidence is more fully described in the body of this opinion. Notably, however, Appellees did not raise the procedural defect in the court below and they neither raised it on appeal. Thus, we determine that, even though the special appearance was initially presented through a defective pleading, the record establishes the jurisdictional claim was tried by consent. *See generally* TEX. R. CIV. P. 7, 90.

[2] On this same date, we issue an opinion in an unrelated case addressing a similar jurisdictional challenge by Transportadora Aton in a negligence suit involving different claimants and a different factual basis. *See Transportadora Aton, S.A. de C.V. v. Peterson*, No. 08-23-00066-CV (Tex. App.—El Paso Oct. 19, 2023, no pet. h.).

## BACKGROUND

On March 11, 2022, Diamond Marquez and David Hernandez (collectively, Appellees), filed an original petition alleging claims of negligence against Windstar Trucking, LLC, Windstar LPG, Inc., Windstar Drilling Services, LLC, Windstar Oilfield Services, LLC, and Armando Aguilar Lopez. Next, Appellees amended their petition to include Transportadora Aton as a party defendant. Appellees alleged that, on February 4, 2022, they were traveling westbound on North Loop in El Paso, Texas. At the same time, Lopez was exiting a business while driving a 2020 Kenworth T880 truck-tractor. Appellees claim that, as Lopez attempted to merge into westbound traffic traveling on North Loop, he failed to yield the right-of-way, "cutting in front of [Appellees'] vehicle and causing the [Appellees' vehicle] to strike the Defendant truck-tractor." As a result, Appellees further claimed they sustained serious injuries and damages.

Appellees alleged that, at the time of the collision, defendants had entered into a contractual agreement wherein Transportadora Aton provided commercial drivers to Windstar Trucking. Moreover, the agreement included the driving services of defendant Lopez. Appellees also claimed that, as an employee, agent, or both, Windstar Trucking and Transportadora Aton exercised direction and control of Lopez, and he was acting within the course and scope of his employment. Appellees brought negligence claims based on a theory of respondeat superior. Also, they alleged that Transportadora Aton had negligently entrusted Lopez with driving a truck-tractor. Appellees further asserted that Windstar Trucking and Transportadora Aton were liable for various acts and omissions constituting negligence.

Relevant to this appeal, Transportadora Aton filed a special appearance as its initial pleading, asserting the trial court lacked personal jurisdiction over it. Transportadora Aton supported its motion with the unsworn declaration of Jazmin Garcia Meraz (Garcia), its authorized

representative.[3] Garcia claimed that Transportadora Aton was a foreign Mexican entity organized under the laws of the Republic of Mexico, and it was not registered to do business in Texas. She further asserted that Transportadora Aton was not a Texas resident, did not maintain a registered agent for service in Texas, and was not amenable to process issued by Texas courts. Garcia denied that Transportadora Aton ever engaged in business in Texas; and she claimed it did not commit any tort in Texas. Rather, she urged that Transportadora Aton did not maintain a place of business or office in Texas, had no employees in Texas, and did not have any bank accounts in Texas. She also claimed that Transportadora Aton did not own any tractors or trailers that were registered in Texas. Specifically, she asserted that it did not own the commercial vehicle that was involved in the collision that formed the basis of the lawsuit. She further urged it did not own or operate any commercial motor vehicles that travelled on Texas roads or highways. Lastly, she maintained that Transportadora Aton did not own real or personal property in Texas, it did not pay income taxes in Texas, and it did not conduct business or sell goods in Texas.

Responding, Appellees claimed Transportadora Aton engaged in continuous and systematic contacts with Texas rendering it at home in Texas. In support, Appellees attached a Truck Lease Agreement, a Driver Loan-Out Agreement, and an insurance policy covering Windstar Trucking. The Truck Lease Agreement was entered into on August 1, 2020, by Transportadora Aton and Windstar Trucking. The lease provided a 10-year agreement wherein Transportadora Aton, identified as the "owner," leased commercial motor vehicle equipment to Windstar Trucking, identified as the "carrier." In the final paragraph of the agreement, it states:

---

[3] Garcia's two-page declaration indicates it was executed in Ciudad Juarez, Mexico, on November 25, 2022. Although a signature appears on the face of the document, the signature is neither notarized nor subscribed to as being true under penalty of perjury. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001(a), (c) (requiring the unsworn declaration must be in writing and it must be subscribed by the person making it as true under penalty of perjury). Appellees did not object to the declaration in the trial court nor raise a complaint against it on appeal. For these reasons, any defect is waived. *See ACI Design Build Contractors Inc. v. Loadholt*, 605 S.W.3d 515, 518 (Tex. App.—Austin 2020, pet. denied) (holding objection that unsworn declaration's jurat did not comply with § 132.001's requirements was waived because objection was not raised in trial court); *see also Mansions in the Forest, L.P. v. Montgomery Cnty.*, 365 S.W.3d 314, 317 (Tex. 2012) (holding failure to object to absence of affidavit's jurat waives complaint on appeal).

"This agreement, and all the provisions contained herein shall be interpreted according to the laws of the State of Texas. It is further understood and agreed by the parties that the terms of this agreement are performable in Boerne, Kendall County, Texas." The Driver Loan-Out Agreement was entered into on March 1, 2020, between Transportadora Aton and Windstar Trucking. The agreement identifies Transportadora Aton as operating "in the trade or business of providing drivers on a 'loan out' basis to operate tractor-trailers for transporting cargo (sometimes referred to as 'driver services')." The agreement called for all payments to be made to Transportadora Aton in U.S. dollars. The agreement also states it "shall be governed by, and construed and interpreted in accordance with, the laws of the State of Texas and the United States of America."

Transportadora Aton replied to Appellees' response, asserting they had failed to meet their pleading burden to establish general jurisdiction. Additionally, Transportadora Aton argued the existence of the agreements were insufficient to confer specific jurisdiction. Transportadora Aton further pointed to the Driver Loan-Out Agreement to assert it did not exercise control of Lopez at the time of the collision. Essentially, Transportadora Aton asserts the relationship between it and Windstar Trucking was insufficient, standing alone, to support a basis for rendering personal jurisdiction.

The trial court heard argument on Transportadora Aton's special appearance. Following the hearing, the court signed an order denying Transportadora Aton's special appearance. This interlocutory appeal followed.

## DISCUSSION

In two issues on appeal, Transportadora Aton asserts the trial court erred in denying its special appearance because it lacks general and specific personal jurisdiction.

4

**A. Standard of review**

Whether a court has personal jurisdiction over a defendant is a question of law, which we review de novo. *Old Republic Nat'l Title Ins. Co. v. Bell*, 549 S.W.3d 550, 558 (Tex. 2018); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002). Resolving this question of law, though, may require a court to decide questions of fact. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). When, as here, the trial court does not issue findings of fact and conclusions of law with its judgment, we presume all factual disputes were resolved in favor of the trial court's decision unless they are challenged on appeal. *Id.*; *see Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (per curiam). When the appellate record includes the reporter's record and clerk's record, the implied findings are not conclusive and may be challenged for legal and factual sufficiency. *BMC Software*, 83 S.W.3d at 795; *I & JC Corp. v. Helen of Troy L.P.*, 164 S.W.3d 877, 883 (Tex. App.—El Paso 2005, pet. denied). Under a factual-sufficiency challenge, we examine the entire record and consider the evidence in favor of, and contrary to, the challenged finding; however, we may set aside a finding only if that finding is so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Fed. Corp., Inc. v. Truhlar*, 632 S.W.3d 697, 716 (Tex. App.—El Paso 2021, pet. denied) (citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986)). A no-evidence legal sufficiency challenge fails if the finding is supported by more than a scintilla of evidence. *BMC Software*, 83 S.W.3d at 795.

**B. Applicable law**

Texas courts may assert personal jurisdiction over a nonresident if (1) the Texas long-arm statute authorizes the exercise of jurisdiction, and (2) the exercise of jurisdiction is consistent with federal due-process guarantees. *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) (citing *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 414 S.W.3d 142, 149 (Tex. 2013)). The Texas long-arm statute broadly permits jurisdiction over a nonresident doing "business in this state" if the nonresident

"commits a tort in whole or in part in this state." TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(2). Allegations that a tort was committed in Texas will satisfy our long-arm statute. *Moncrief Oil*, 414 S.W.3d at 149. However, such allegations must also satisfy due-process requirements. *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 579 (Tex. 2007). Texas courts interpret the long-arm statute to "reach as far as the federal constitutional requirements of due process will allow." *Id.* at 575 (quoting *Guardian Royal Exch. Assur., Ltd. v. English China Clays, P.L.C.*, 815 S.W.2d 223, 226 (Tex. 1991)).

To satisfy due-process requirements, personal jurisdiction may be exercised over a nonresident defendant only if two requirements are met: (1) the defendant has "minimum contacts" with the forum state, and (2) the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice. *See Luciano v. SprayFoamPolymers.com, LLC*, 625 S.W.3d 1, 8 (Tex. 2021); *Moki Mac*, 221 S.W.3d at 575. A nonresident establishes minimum contacts with a forum when it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Moki Mac*, 221 S.W.3d at 575. The defendant's in-state activities "must justify a conclusion that the defendant could reasonably anticipate being called into a Texas court." *Old Republic*, 549 S.W.3d at 559 (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338 (Tex. 2009)). Three important considerations guide our review of a nonresident's contacts with the state: (1) "only the defendant's contacts with the forum are relevant, not the unilateral activity of another party or a third person"; (2) "the contacts relied upon must be purposeful rather than random, fortuitous, or attenuated"; and (3) "the defendant must seek some benefit, advantage, or profit by availing itself of the jurisdiction." *Id.* (quoting *Moncrief Oil*, 414 S.W.3d at 151).

A nonresident defendant's minimum contacts with the forum can give rise to either general or specific jurisdiction. *Spir Star AG v. Kimich*, 310 S.W.3d 868, 872 (Tex. 2010). A court has

6

general jurisdiction over a nonresident defendant whose "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *TV Azteca*, 490 S.W.3d at 37 (alteration in original) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127, 134 (2014)). By contrast, specific jurisdiction "covers defendants less intimately connected with a State, but only as to a narrower class of claims." *Ford Motor Co. v. Montana Eighth Judicial Dist. Court*, 141 S.Ct. 1017, 1024 (2021). The minimum contacts necessary for specific jurisdiction are established if the defendant purposefully avails itself of the privilege of conducting activities in the forum state and the suit arises out of or relates to the defendant's contacts with the forum. *Moki Mac*, 221 S.W.3d at 575–76. For a cause of action to arise from or relate to purposeful forum contacts, "there must be a substantial connection between those contacts and the operative facts of the litigation." *Id.* at 585.

When a nonresident defendant challenges personal jurisdiction over it, the plaintiff and defendant bear shifting burdens of proof. *Old Republic*, 549 S.W.3d at 559 (citing *Kelly v. Gen. Interior Constr., Inc.*, 301 S.W.3d 653, 658 (Tex. 2010)). The plaintiff bears the initial burden of pleading allegations sufficient to invoke jurisdiction under the long-arm statute. *Id.* If the plaintiff pleads sufficient jurisdictional allegations, the burden shifts to the nonresident defendant to negate all bases of jurisdiction alleged. *Id.* The defendant can meet this burden to negate jurisdiction by, for example, "showing that 'even if the plaintiff's alleged facts are true, the evidence is legally insufficient to establish jurisdiction' or that 'the defendant's contacts with Texas fall short of purposeful availment.'" *Id.* (quoting *Kelly*, 301 S.W.3d at 659).

We begin our analysis by considering Transportadora Aton's second issue on specific jurisdiction.

## C. Analysis

Transportadora Aton asserts the trial court erred in denying its special appearance, arguing it is a foreign corporation without sufficient minimum contacts with Texas. Transportadora Aton asserts Appellees failed to allege any facts supporting the exercise of personal jurisdiction over it. Additionally, it claims the fact that it entered into a Vehicle Lease Agreement and Driver Loan-Out Agreement did not sufficiently confer specific jurisdiction because any contact with Texas was made solely at the direction of Windstar Trucking. In response, Appellees contend it pled sufficient facts to establish specific jurisdiction and Transportadora Aton failed to negate all bases supporting said jurisdiction. Further, it asserts the jurisdictional evidence directly refuted the statements made in Transportadora Aton's supporting declaration.

First, we focus on whether Appellees pleaded sufficient jurisdictional facts. *Old Republic*, 549 S.W.3d at 559; *Kelly*, 301 S.W.3d at 658. Appellees alleged that Transportadora Aton contracted with Windstar Trucking, a Texas company, to provide employees to work in Texas. They alleged that Lopez was an agent or employee of Transportadora Aton, and he committed a tort in Texas. Further they alleged that Transportadora Aton and Windstar Trucking "were involved and had a business interest in the trip [Lopez] was on at the time of the incident in question."

Transportadora Aton does not dispute that it entered into two agreements with Windstar Trucking, a Texas resident. Rather, Transportadora Aton asserts the existence of the agreements is not sufficient to establish minimum contacts with Texas. Generally, the mere act of contracting with a Texas resident does not satisfy the minimum contacts requirement. *See Silber v. Shallow Prod. Sols., Inc.*, 656 S.W.3d 500, 515 (Tex. App.—El Paso 2022, no pet.) ("Contracting with a Texas resident by itself does not necessarily establish minimum contacts sufficient to support personal jurisdiction."); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985); *Jay*

8

*Zabel & Assocs., Ltd. v. Compass Bank*, 527 S.W.3d 545, 554 (Tex. App.—Houston [1st Dist.] 2017, no pet.). But, when there is also evidence that the contract was to be performed in whole or in part in Texas, such can be sufficient. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 17.042(1). Here, the agreements contracted for performance in Texas. Further, the parties agreed that Texas law would govern any disputes arising between them. Looking to the agreements as a whole, we conclude that Transportadora Aton's actions support the trial court's implied finding of purposeful availment. Transportadora Aton's actions were aimed towards acquiring business in Texas and they both support a finding that it benefited from its relationship with Windstar Trucking.

Even so, Transportadora Aton contends that Appellees base their claims on theories of vicarious liability for negligent acts committed by Lopez, and these claims are insufficient to confer personal jurisdiction. We reject this contention because courts have recognized claims of respondeat superior as a basis to confer personal jurisdiction over a foreign employer unless a factual basis for bringing suit within Texas was otherwise lacking. *See Geo-Chevron Ortiz Ranch #2 v. Woodworth*, No. 04-06-00412-CV, 2007 WL 671340, at *3 (Tex. App.—San Antonio Mar. 7, 2007, pet. denied) (mem. op.) (finding allegations under a respondeat superior theory were sufficient to satisfy the Texas long-arm statute but were negated because the individuals contacts were insufficient to support personal jurisdiction, making the company's contacts also insufficient); *Rattlesnake Ridge Ventures, LLC v. Ortiz*, No. 04-22-00004-CV, 2022 WL 3046946, at *4 (Tex. App.—San Antonio Aug. 3, 2022, pet. denied) (mem. op.) (holding pleadings under a respondeat superior theory failed to bring the nonresident defendant within the reach of the Texas long-arm jurisdiction when the driver was not a Texas resident and the alleged negligence did not occur in Texas but in Minnesota); *FedEx Corp. v. Contreras*, No. 04-19-00757-CV, 2020 WL 4808721, at *6 (Tex. App.—San Antonio Aug. 19, 2020, no pet.) (mem. op.) (holding plaintiff's respondeat superior claims failed to confer personal jurisdiction when the jurisdictional evidence

showed the nonresident defendants did not employ the individual that caused the accident or own the vehicle involved in the collision).

Transportadora Aton contends that there is no evidence that Lopez was an employee of Transportadora Aton, he was the one involved in the accident, or that the vehicle involved in the accident was one of the vehicles leased under the agreement. "The test of whether a plaintiff's allegations include jurisdictional facts is not whether a meritorious claim has been pled." *Bruno's Inc. v. Arty Imports, Inc.*, 119 S.W.3d 893, 899 (Tex. App.—Dallas 2003, no pet.). At this stage, the only question is whether jurisdictional facts have been pled which are sufficient to bring Transportadora Aton within the provisions of the long-arm statute. *BMC Software*, 83 S.W.3d at 793. Here, Appellees allege that Lopez had been driving the truck-tractor involved in the subject collision while in furtherance of defendant's two agreements. Appellees maintained that Transportadora Aton exercised control over Lopez and received payment for its Driver Loan-Out Services. Additionally, Appellees alleged that Transportadora Aton negligently entrusted a truck-tractor to Lopez; and, at all relevant times, he acted within the course and scope of his employment. Accordingly, because Appellees sufficiently articulated jurisdictional facts in support of their claims, Transportadora Aton was required to rebut those allegations to carry its burden to sustain its special appearance. *See id.*

Transportadora Aton only supported its special appearance by merely asserting it was not a resident of Texas, did not do business in Texas, and that it did not commit a tort, in whole or in part, in the State of Texas. It did not otherwise negate the allegations that Lopez had been driving the subject truck-tractor in furtherance of contractual agreements. Transportadora Aton's contention that there is no evidence it employed Lopez, failed to properly supervise him, or failed to inspect the vehicle involved in the collision are factual issues implicating the merits of the case.

"We do not resolve merits-based questions in reviewing a special appearance." *Michelin N. Am., Inc. v. De Santiago*, 584 S.W.3d 114, 134 (Tex. App.—El Paso 2018, pet. dism'd).

We conclude Transportadora Aton failed to carry its burden by negating all jurisdictional facts alleged by Appellees. Transportadora Aton purposefully availed itself of the privilege of conducting activities in Texas, and such contacts were substantially connected to the operative facts of Appellees' negligence and vicarious liability claims against Transportadora Aton. Moreover, Transportadora Aton's brief does not address whether the trial court's assertion of jurisdiction over it would offend notions of fair play and substantial justice. When a party fails to adequately brief a contention, he presents nothing for our review. TEX. R. APP. P. 38.1(i). Even so, once a court determines that a nonresident defendant has purposefully established minimum contacts, only in "rare cases" will the exercise of jurisdiction not comport with fair play and substantial justice. *Stein v. Deason*, 165 S.W.3d 406, 415 (Tex. App.—Dallas 2005, no pet.) (citing *Guardian Royal*, 815 S.W.2d at 231). We conclude this is not such a rare case.

Accordingly, we overrule Transportadora Aton's second issue and conclude its contacts with Texas are sufficient to support the court's exercise of specific jurisdiction. Because our specific jurisdiction holding is dispositive, we need not address Transportadora Aton's first issue challenging general jurisdiction. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We affirm.

GINA M. PALAFOX, Justice

October 19, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.