**VACATED IN PART; AFFIRMED IN PART; and Opinion Filed December 6, 2024**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

No. 05-23-00009-CV

**DAVID ADRIAN SMITH, Appellant**

**V.**

**WWE, INC., CAROL RIDDICK, FRANK RIDDICK, VINCE MCMAHON, SCOTT JACKSON, DICK EBERSOL, CHARLIE EBERSOL, ESPN, INC., BILL POLION, REGGIE FOWLER, TOM DUNDON, ALPHA ACQUICO, LLC, DWAYNE JOHNSON, DANNY GARCIA, GERRY CARDINALE, REDBIRD CAPITAL PARTNERS, LLC, CANADIAN FOOTBALL LEAGUE, AND MGM RESORTS INTERNATIONAL OPERATIONS, INC., Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-08146**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

David Adrian Smith, appearing pro se in the trial court and in this Court, appeals the October 26, 2022 "Final Order of Dismissal" which dismissed, for lack of personal jurisdiction, his claims against appellee Canadian Football League (CFL), and which dismissed with prejudice, under TEX. R. CIV. P. 91a, his claims against eighteen of twenty defendants—specifically, appellees CFL, WWE, Inc.,

Carol Riddick, Frank Riddick, Vince McMahon, Scott Jackson, Dick Ebersol, Charlie Ebersol, ESPN, Inc., Bill Polion,[1] Reggie Fowler, Tom Dundon, Alpha Acquico, LLC, Dwayne Johnson, Danny Garcia, Gerry Cardinale, Redbird Capital Partners, LLC (Redbird Capital), and MGM Resorts International Operations, Inc. (MGM Resorts).  Later, after Smith non-suited with prejudice his claims against the two remaining defendants,[2] his appeal of the dismissal order proceeded, and that appeal is now before us.  As explained below, we vacate the portion of the trial court's order dismissing Smith's claims against CFL with prejudice under rule 91a because the trial court lacked personal jurisdiction over CFL and otherwise affirm the order, albeit reluctantly as to its rule 91a aspects.[3]

---

[1] We use the spelling used in Smith's pleading, though in Polion's own filings, he spells it as "Polian."

[2] Those defendants were Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC.

[3] Our reluctance stems from the peculiar circumstances before us, which include the following:

- Of the eighteen defendants for whom the dismissal order was entered on the basis of limitations, (1) only four had filed a pleading asserting limitations as an affirmative defense, and (2) only ten filed a rule 91a motion to dismiss;

- Of the ten defendants that did file rule 91a motions to dismiss, (1) only four filed motions that were timely filed and heard under both civil procedure rules 91a.3(a) and 91a.3(b)—but those four had not filed a pleading asserting limitations as an affirmative defense; and (2) the six others never set their rule 91a motions for hearing—a fact that counsel for five of those six defendants conceded in the rule 91a hearing; and

- Of the eight defendants that did not file any rule 91a motion to dismiss, six defendants never made any appearance in the trial court.

We have grave concerns about the 91a proceedings in this case, but "[a] court of appeals may not reverse a trial court judgment on a ground not raised." *See Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 782 (Tex. 2020); *see also* TEX. R. APP. P. 33.1 (preservation of appellate complaints).  Smith has raised no issue on appeal about these peculiar circumstances and raised no issue about them below.

# I. BACKGROUND

The crux of Smith's lawsuit is alleged misappropriation of trade secrets.[4] Smith claims that in 2016, he confidentially shared with the Riddicks concepts regarding a football league, which the Riddicks then disclosed to others, and which the others then further disclosed, allegedly damaging Smith. In total, Smith sued twenty defendants: the two who were later non-suited, and the eighteen appellees.[5]

Smith alleges misappropriation of trade secrets occurred in 2016 and 2017 and that he first learned of this on January 25, 2018, when McMahon "announced publicly that he would launch and operate . . . Alpha Entertainment, LLC dba XFL . . . , a football league very similar in nature to [Smith's] concept."

Smith filed suit on July 19, 2022, more than four years after the date he alleges he first learned of the alleged misappropriation of trade secrets. However, Smith

---

[4] Smith's petition states, in pertinent part:

1. . . . [Smith] brings this cause of action regarding MISAPPROPRIATION OF TRADE SECRETS and other infractions contained herein and performed by listed defendants; [Smith] states that this action is within the jurisdictional limits of the court; . . . seeks monetary relief over $1,000,000; . . . an equity position, a reasonable royalty for a reasonable period of time or negotiated buyout from multiple defendants for use of [Smith's] trade secrets as would have been negotiated and agreed to had defendants worked with, partnered or invested with [him] rather than misappropriating [his] trade secrets; injunction against Defendants against disclosure or use of [his] trade secrets without Court-approved royalty and or agreement with [Smith]; demand for referral of matter to applicable law enforcement for investigation of likely criminal wrongdoing, presentation to grand jury and pursuing criminal charges against DEFENDANTS; and a demand for judgment for all the other relief to which PLAINTIFF deems himself entitled.

[5] While Smith's pleading is difficult to follow, he summarizes his causes of action as follows:

356. Total counts by charge: Misappropriation of Trade Secrets, 86 counts; Breach of Confidence, 7 counts; Conspiracy to commit Breach of Confidence, 14 counts; Inducement of Breach of Confidence, 7 counts; Conspiracy to commit Inducement of Breach of Confidence, 14 counts; Conspiracy to commit Misappropriation of Trade Secrets, 154 counts. Total counts, all charges: 282 counts. . . .

also alleges that Carol Riddick, McMahon, and Cardinale engaged in "fraud by nondisclosure" and claims that, despite an anticipated statute of limitations defense, the court should allow his case to proceed under the doctrines of equitable tolling or equitable estoppel. Specifically, Smith alleges:

35. Multiple communications to [Carol Riddick, McMahon, and Cardinale] were not returned to [Smith] following the January 25, 2018, discovery of the original misappropriation. These unreturned communications, including an email to [Carol Riddick] on January 25, 2018, a letter to [McMahon] sent via registered mail with return receipt on or about November 2019, and an email to [Cardinale] on or about October 2020, constitute FRAUD BY NONDISCLOSURE on the part of multiple Defendants involved in multiple acts of misappropriation, conspiracy, breach of confidence, inducement of breach of confidence and other acts throughout the relevant time frame.

. . . .

40. [Smith] asserts that: (1) FRAUD BY NON-DISCLOSURE having been established above, there existed a false representation or concealment of material facts; (2) said non-disclosure by Defendants was in fact made with knowledge, actual and constructive, of the facts; (3) [Smith], to whom non-disclosure was made, was without knowledge or the means of knowledge of the real facts; (4) said non-disclosure was made with the intention that [Smith] should take no action; (5) and [Smith], to whom non-disclosure was made, relied on it to delay action.'

41. [Smith] disclosed trade secrets to . . . Carol Riddick . . . and . . . Frank Riddick . . . confidentially in May 2016. [The Riddicks] subsequently disclosed [Smith]'s trade secrets to other Defendants, committing the first acts of misappropriation during the balance of 2016. Additional subsequent acts of misappropriation were committed during the balance of 2016 and during 2017. It was not until . . . Vince McMahon . . . announced his investment in and formation of . . . Alpha Entertainment, LLC . . . on January 25, 2018, that [Smith] learned of the original and subsequent acts of misappropriation. Thus, [Smith] is treating January 25, 2018, as the date of accrual that they should have reasonably been expected to (and did) learn of the original

misappropriation and the date when the statute of limitations should have begun tolling, which would have resulted in the date of January 25, 2021, as the date the statute of limitations would have tolled. [Smith] was by that date aware of the original misappropriations and was pursuing legal representation, having failed to secure said representation because counsel has been reluctant to take this matter for a variety of reasons, one law firm declining to represent [Smith] for fear of losing future potential business from one or more of named Defendants. [Smith] also reminds the court that the Supreme Court of Texas issued orders extending all filing deadlines from March 2020, until October l, 2021, due to the COVID-19 pandemic, further extending the deadline until that date.

42. [Smith] anticipates that Defendants will plead the defense of statute of limitations to bar [Smith]'s action herein. Having . . . shown cause of a willful and malicious nature, [Smith] hereby pleads the court recognize Equitable Estoppel upon Defendants' plea of statute of limitations and allow [Smith] to pursue discovery, present their case and enjoy a ruling by the trier of fact in this matter. [Smith] pleads Equitable Estoppel because: 1.) Multiple Defendants committed Fraud by Non-Disclosure during the tolling period; 2.) All elements of both Fraud by Non-Disclosure and Equitable Estoppel as outlined by the Supreme Court are established herein; and 3.) Equitable Estoppel having been established appropriate, the doctrine of Equity demands that the actions of the Defendants named herein demand they must answer for their actions in a court of law and make remedy for damages to [Smith].

Fourteen defendants filed various trial court filings: Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC—who are not parties to this appeal—and appellees WWE, Inc., Carol and Frank Riddick, McMahon, Jackson, Dick Ebersol, Polion, Dundon, Cardinale, Redbird Capital, CFL, and MGM Resorts.

–5–

According to Smith, the other six defendants—Charlie Ebersol; ESPN, Inc.; Fowler; Alpha Acquico, LLC; Johnson; and Garcia—were never served, and nothing in the record before us indicates Smith expects to obtain service on them.[6]

Special appearances were filed by Cardinale, Redbird Capital, Dick Ebersol, Polion, CFL, and MGM Resorts, but only CFL's special appearance was heard and ruled upon.

Rule 91a motions were filed by ten of the defendants—WWE, Inc., Carol and Frank Riddick, McMahon, Cardinale, Redbird Capital, Polion, Jackson, CFL, and Dundon—who argued, among other things, that Smith's claims had no basis in law because Smith's pleading established—on its face—that his claims were barred by limitations.[7]

Of the ten defendants that filed rule 91a motions to dismiss based on limitations, six of them—WWE, Inc., Carol and Frank Riddick, McMahon, Polion, and CFL—did not assert the affirmative defense of limitations in their responsive

---

[6] Smith's brief states these six defendants were never served, but the docket sheet states otherwise for ESPN and Alpha Acquico. However, none of these six appeared in the trial court or in this Court.

[7] These ten defendants filed the following rule 91a motions to dismiss:

(1) a motion filed by WWE, Inc., Carol and Frank Riddick, and McMahon on September 26, 2022;

(2) a motion filed by Cardinale and Redbird Capital on September 27, 2022;

(3) a motion filed by Polion on September 30, 2022;

(4) a motion filed by Jackson on October 3, 2022;

(5) a motion filed by CFL on October 10, 2022; and

(6) a motion filed by Dundon on October 12, 2022.

pleading. Of the four who did—Jackson, Dundon, Cardinale, and Redbird Capital—none filed their rule 91a motions within rule 91a.3's deadlines.[8]

Notwithstanding these procedural peculiarities, the trial court heard CFL's special appearance and other matters on October 20, 2022, before a retired judge sitting by assignment. Appearing at that hearing were Smith, who appeared pro se, as well as counsel for defendants CFL; Cardinale; Redbird Capital; Jackson; Dick Ebersol, WWE, Inc.; Carol Riddick; Frank Riddick; McMahon; MGM Resorts; Dundon; and Alpha Entertainment, LLC.

No evidence was presented in the hearing.

The record before us does not clearly reflect which motions were noticed and set to be heard on October 20, 2022, but the trial court began the hearing by thanking the parties for consolidating the motions and then by first hearing arguments on CFL's special appearance. CFL argued that the trial court lacked personal jurisdiction over it because neither general nor specific jurisdiction existed, which Smith generally disputed, and in the course of his argument, Smith alluded to an intention to amend his pleading.

The trial court then heard arguments on the motions to dismiss filed by Cardinale, Redbird Capital, CFL, and Jackson, with counsel for each of those defendants arguing that Smith's pleading reflects his claims are barred by

---

[8] *See* TEX. R. CIV. P. 91a.3 (stating, "A motion to dismiss must be (a) filed within 60 days after the first pleading containing the challenged cause of action is served on the movant; (b) filed at least 21 days before the motion is heard; and (c) granted or denied within 45 days after the motion is filed.").

limitations. Counsel for WWE, Carol Riddick, Frank Riddick, McMahon and Dundon made the same argument regarding limitations but stated that, despite their attempts, their clients' motions to dismiss had not been set for hearing.[9] Polion, the other defendant who had filed a rule 91a motion to dismiss, did not appear at the hearing, and there is no indication in the appellate record that his rule 91a motion had been set for hearing. *See* TEX. R. CIV. P. 91a.6.[10]

During the hearing, after arguments on CFL's special appearance had concluded, and when responding to the various rule 91a motions, Smith referred to certain case law regarding personal jurisdiction, stated that dismissal was not appropriate, referred the trial court to the equitable estoppel arguments in his pleading, and again indicated an intent to file an amended pleading.

When counsel for WWE, Carol and Frank Riddick, McMahon, and Dundon stated they had the same limitations arguments that other defendants' counsel had expressed but that their client's motions to dismiss had not been set for hearing, the trial court invited Smith to respond, and he did not object to doing so. Smith responded, in essence, by (1) stating counsel had not mentioned anything he had not

---

[9] At the October 20, 2022 hearing, counsel for WWE, Carol Riddick, Frank Riddick and McMahon also indicated that she represents MGM Resorts. We have not included MGM Resorts in the list of parties who made limitations-based arguments in that October 20, 2022 hearing because, according to the record before us, MGM Resorts did not file a rule 91a motion to dismiss.

[10] Rule 91a.6 states, in part, "Each party is entitled to at least 14 days' notice of the hearing on the motion to dismiss. TEX. R. CIV. P. 91a.6.

already covered, (2) stating he did not know why additional time was needed in order to set those motions for hearing, and (3) asking the trial court to allow him to replead.

At that point in the hearing, the trial court raised questions about a pending federal proceeding, and the parties also discussed the fact that Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC had filed suggestions of bankruptcy. After Smith stated he had no intention of pursuing charges against the two bankrupt entities, the trial court stated that severing the parties who have filed for bankruptcy would be appropriate and then asked Alpha Entertainment, LLC's counsel to prepare an order in coordination with Legendary Field Exhibitions, LLC's counsel.

At the conclusion of the hearing, the following exchange occurred:

THE COURT: Based upon the arguments and the pleadings before this Court, I am – I believe that this case should be dismissed, and I am so ordering that it be dismissed on the basis of limitations, and it is to be dismissed as to all parties except the two bankrupt Defendants who are going to be severed, and as a result of the automatic stay, that applies to them only.

Counsel, do you have – Mr. Smith, I understand that this is not – my decision is not consistent with your request. I need to understand from counsel if you feel that this decision complies with your requests in your motions? All right. Is there any objection?

[COUNSEL FOR CARDINALE & REDBIRD CAPITAL]: Your Honor, with or without leave to replead? So with prejudice or without?

THE COURT: Without leave to replead in this case because I don't believe that pleading will cure the issue here.

[COUNSEL FOR CFL]: Your Honor, just in the event that Mr. Smith does decide to take any further action, we will need a ruling also on our personal jurisdiction motions in order to have –

THE COURT: Yes.

–9–

[COUNSEL FOR CFL]:  That is to preserve as well.

THE COURT:  Thank you.  And those are granted.

[COUNSEL FOR CFL]:  Thank you, Your Honor.

[COUNSEL FOR DICK EBERSOL]:  Your Honor, may I say one thing?  We also have a Special Appearance objection to personal jurisdiction here although we didn't present it to the Court this morning, and it wasn't scheduled to be presented this morning, but we'd like to follow suit with [CFL] on the jurisdiction issue if we may.

THE COURT:  [addressing CFL's counsel], will we be able to include that one or will it be included under the Motion to Dismiss?

[COUNSEL FOR CARDINALE & REDBIRD CAPITAL]:  Your Honor, if I may.  The Special Appearance is an evidentiary issue, and it required notice of setting.  We didn't set ours either.  We set the Motion to Dismiss.  I feel compelled to advise you I think you would be walking into error by ruling on motions that weren't set, and I apologize to my colleagues; mine wasn't set either today.

THE COURT:  Perfect.  Then only those set and argued will I grant, and then otherwise as to all other Defendants . . . as to all other Defendants it will be dismissed on the basis of limitations.

Six days after the hearing, the trial court signed the dismissal order at issue in this appeal.  The order dismissed, for lack of personal jurisdiction, Smith's claims against CFL and, under TEX. R. CIV. P. 91a, dismissed his claims with prejudice against the eighteen appellees, including CFL.  The order stated Smith's "claims against Defendants are barred by the statute of limitations on the face of [his] Petition" and that the trial court "further finds that granting leave to amend the Petition would be futile."

–10–

The order contained language regarding its finality[11] but also contained language regarding a plan to sever claims against Alpha Entertainment, LLC's and Legendary Field Exhibitions, LLC.[12] Two months after the dismissal order, but before Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC were non-suited, Smith filed a notice of appeal, indicating his intent to appeal the October 26, 2022 dismissal order. This appeal followed.

## II. OUR JURISDICTION OVER THIS APPEAL

Initially, we questioned our jurisdiction over this appeal, noting in a January 9, 2023 letter to the parties that the record showed the claims against Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC remained pending and directing Smith to file a letter by a particular date addressing our concern.

After our letter, the district clerk filed a supplemental clerk's record in our Court which contained Smith's notice of non-suit with prejudice of his claims against Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC and the

---

[11] The order stated, "This Final Order of Dismissal finally disposes of all claims of [Smith] against Defendants WWE, Inc., Carrol Riddick, Frank Riddick, Vince McMahon, Scott Jackson, Dick Ebersol, Charlie Ebersol, ESPN, Inc., Bill Polion, Reggie Fowler, Tom Dundon, Alpha Acquico, LLC, Dwayne Johnson, Dany Garcia, Gerry Cardinale, Redbird Capital Partners, LLC, CFL, and MGM Resorts International Operations, Inc. and is appealable. All other relief requested by any party in the cause and not expressly granted is DENIED."

[12] The order stated, "Defendants Legendary Field Exhibitions, LLC and Alpha Entertainment, LLC have filed suggestions of bankruptcy and invoked the automatic stay provisions of the Bankruptcy Code. The Court intends to sever these defendants from this case and to enter a final judgment in connection with the remaining defendants. Counsel for Alpha Entertainment, LLC shall prepare a separate agreed order of severance and submit it to the Court for signature.

–11–

trial court's February 28, 2023 order approving his non-suit of those claims, which made the earlier dismissal order final.

By then, Smith had filed a notice of appeal regarding the dismissal order, and his notice of appeal was deemed filed the same day, but after, the order that made the earlier dismissal order final. *See* TEX. R. APP. P. 27.1(a) ("In a civil case, a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal.").We then informed the parties that, from our review of the clerk's record and supplemental clerk's record, it appeared this Court has jurisdiction over the appeal.

### III. ISSUES & ANALYSIS

#### A. Smith's Issues and Parties' Requests on Appeal

Smith presents several issues in his principal brief, which we quote below except as noted. We have added numbers to each for ease of reference.

[1.] Trial court erred / abused discretion by failing to consider [Smith's] extrinsic evidence in the form of case law presented during the motion to dismiss hearing which established personal jurisdiction over every named defendant;

[2.] Trial court erred / abused discretion by failing to grant leave to submit amended petition;

[3.] Trial court erred / abused discretion by dismissing cause due to statute of limitations;

[4.] Trial court erred / abused discretion by dismissing cause due to want of personal jurisdiction;

[5.] Trial court abused discretion by allowing defendants not party to the motion to dismiss hearing to participate in the hearing including entering and granting motions as well as addressing the court (one

–12–

counselor for one defendant who was party to the hearing expressed concern at this practice being allowed during the hearing).

[6.] [Smith] expresses concern at even scheduling and holding hearing or considering motion to dismiss while two bankrupt entities were still named defendants; Visiting Judge became flustered towards the end of the hearing when it became known to them that two defendants fell under the provisions of U.S. bankruptcy laws, apparently being unaware of this until very late in the hearing; Visiting Judge therefore had somewhat limited knowledge of the case file and the facts and details of the matter; Plaintiff questions whether the motion to dismiss hearing was properly scheduled and whether the order of dismissal was properly issued; however, Plaintiff is not an attorney and is not well enough familiar with U.S. bankruptcy laws to properly address this matter and asks this court to address this rather significant point of concern.

Also, although not delineated as a separate issue, in his principal brief, Smith argues, "The trial court issued an order of dismissal with prejudice in error."

In essence, Smith asks us to reverse the dismissal order; order the trial court to allow him leave to amend his petition; render judgment in his favor on, or alternatively order additional proceedings on, his allegations of equitable estoppel and fraud by non-disclosure; and to issue what he refers to as "appropriate sanctions against the trial court or defense counsel as deemed appropriate for their behavior during the motion to dismiss hearing."[13]

---

[13] To the extent Smith seeks an award of sanctions on appeal regarding the October 20, 2022 hearing, we conclude he has waived any such claim by failing to adequately brief the issue. *See* TEX. R. APP. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"); *McIntyre v. Wilson*, 50 S.W.3d 674, 688 n.9 (Tex. App.—Dallas 2001, pet. denied).

Twelve of the eighteen appellees that benefited from the dismissal order filed a response brief in our Court.[14]  Together, those twelve appellees ask us to affirm the order because the trial court properly determined that it lacked jurisdiction over CFL and because Smith's claims are time-barred.  Those twelve appellees also ask us to overrule various issues raised by Smith because Smith failed to properly brief them or because he waived appellate review.  No appearance has been made in our Court by the other six appellees that benefited from the dismissal order.[15]

## B.     Review Standard for Pro Se Litigants

Although we liberally construe pro se pleadings and briefs, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.  *Moreno v. Silva*, 316 S.W.3d 815, 817 (Tex. App.—Dallas 2010, pet. denied).

## C.     First and Fourth Issues:  CFL's Special Appearance

We consider Smith's first and fourth issues together, construing them, in essence, as a complaint that the trial court erred in sustaining CFL's special appearance and in failing to consider what Smith refers to as "extrinsic evidence in the form of case law presented during the motion to dismiss hearing which established personal jurisdiction over every named defendant."

---

[14] Smith filed both a principal brief and a reply brief.  Appellees' brief was filed by some, but not all, appellees, namely:  WWE; Carol Riddick; Frank Riddick; McMahon; Jackson; Dick Ebersol; Polion; Dundon; Cardinale; Redbird Capital; CFL; and MGM Resorts.

[15] The six appellees who have made no appearance in our Court are Charlie Ebersol; ESPN, Inc.; Fowler; Alpha Acquico, LLC; Johnson; and Garcia.

### 1. Pertinent Procedural History

Smith's petition alleged that CFL is a Canadian corporation with its principal place of business in Toronto, Ontario. His petition cited the Texas long-arm jurisdiction statute, *see* TEX. CIV. PRAC. & REM. CODE § 17.042, but included no detail about any connection between Texas, his claims, and particular acts by CFL.

On September 13, 2022, before filing its answer, CFL filed a special appearance stating it is an unincorporated non-profit association consisting entirely of Canadian entities with its principal place of business in Canada and arguing that the trial court should dismiss Smith's claims against CFL for lack of personal jurisdiction because (1) Smith failed to plead any basis for jurisdiction over CFL and (2) CFL established it is not subject to jurisdiction in Texas as a matter of law. Attached to CFL's special appearance was a verification of David Goldstein, CFL's Chief Operating Officer, which averred, among other things, under oath and based on his personal knowledge, that the CFL:

- is an unincorporated association whose member teams are all Canadian entities. The CFL's principal place of business is in Toronto, Canada. It does not have a place of business in Texas; nor does it regularly conduct business in Texas;

- has never been incorporated or otherwise formed in Texas;

- does not conduct regular business in Texas;

- does not own, lease, or possess any real property in Texas;

- does not have any employees in Texas;

- does not avail itself of the jurisdiction of Texas courts; and

–15–

- does not maintain any books or records, hold meetings of its member teams, or carry out any other internal affairs activities in Texas.

Goldstein's verification also averred that CFL "is unaware of" Smith's purported trade secret and, to its knowledge, had never done business with Smith. Finally, Goldstein's verification stated:

> During 2021, the CFL held business discussions with representatives of the XFL regarding a possible collaboration between the CFL and the XFL. Those discussions occurred remotely via Zoom. The CFL never traveled to Texas or communicated with any Texas residents regarding Plaintiff or his purported trade secret. Ultimately, the two leagues decided not to pursue a joint business activity. The CFL did not receive any trade secret information belonging to Plaintiff during those discussions.

The trial court heard CFL's special appearance at the October 20, 2022 hearing. Smith filed no written response to CFL's special appearance and presented no evidence at the October 20, 2022 hearing. However, at the hearing, Smith argued that CFL placed itself under the general and specific jurisdiction of the trial court and had purposefully availed itself of the Texas business market by broadcasting games into Texas since 2014—a matter he stated was on CFL's website—and that because "[t]he XFL under Mr. McMahon operated a team in Arlington, Texas," "any discussions of mutual business or doing business with each other thus connects the CFL directly with Texas assets and Texas operations." Smith did not offer any evidence of any such discussions or of CFL's Texas broadcasting.

–16–

## 2. Applicable Standards and Resolution

A court has power to decide a case "only if it has 'both subject matter jurisdiction over the controversy and personal jurisdiction over the parties.'" *TV Azteca v. Ruiz*, 490 S.W.3d 29, 36 (Tex. 2016) (quoting *Spir Star AG v. Kimich*, 310 S.W.3d 868, 871 (Tex. 2010)).

Whether a trial court has personal jurisdiction over a nonresident defendant is a question of law that appellate courts review de novo. *See Steward Health Care Sys. LLC v. Saidara*, 633 S.W.3d 120, 125 (Tex. App.—Dallas 2021, no pet.) (en banc). When a trial court does not issue findings of fact and conclusions of law with its special appearance ruling, all facts necessary to support the judgment and supported by the evidence are implied. *Id.* When the appellate record includes the reporter's and clerk's records, these implied findings are not conclusive and may be challenged for legal and factual sufficiency in the appropriate appellate court. *Id.* at 125–26 (citing *BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002)). When the relevant facts in a case are undisputed, an appellate court need not consider any implied findings of fact and considers only the legal question of whether the undisputed facts establish Texas jurisdiction. *See id.* at 126.

Courts have recognized two types of personal jurisdiction: "general" jurisdiction and "specific" jurisdiction. *See Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 262 (2017). For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is

–17–

an equivalent place, one in which the corporation is fairly regarded as at home. *See id.* A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State. *See id.* But "only a limited set of affiliations with a forum will render a defendant amenable to" general jurisdiction in that State. *See id.*

Specific jurisdiction exists when (1) the defendant has "made minimum contacts with Texas by purposefully availing itself of the privilege of conducting activities [in the state]," and (2) the defendant's potential liability arose from or is related to those contacts. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 679 (Tex. 2022) (orig. proceeding) (quoting *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 576 (Tex. 2007)). To show purposeful availment, a plaintiff must prove that a nonresident defendant seeks a benefit, advantage, or profit from the forum market. *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777, 785 (Tex. 2005). Only the defendant's contacts are relevant, not the unilateral activity of another party or third person. *See id.* And those contacts "must be purposeful rather than random, fortuitous, or attenuated." *Moncrief Oil Int'l, Inc. v. OAO Gazprom*, 414 S.W.3d 142, 151 (Tex. 2013) (quoting *Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–39 (Tex. 2009)).

The plaintiff bears the initial burden of pleading sufficient allegations to bring a nonresident defendant within the provisions of the Texas long-arm statute.

*Saidara*, 633 S.W.3d at 126; *Moncrief Oil*, 414 S.W.3d at 149. In order to meet its burden, a plaintiff must show the act on which jurisdiction is predicated, not a prima facie demonstration of the existence of a cause of action. *Bruno's Inc. v. Arty Imports, Inc.*, 119 S.W.3d 893, 896–97 (Tex. App.—Dallas 2003, no pet.); *Clark v. Noyes*, 871 S.W.2d 508, 511 (Tex. App.—Dallas 1994, no pet.). This minimal pleading requirement is satisfied by an allegation that the nonresident defendant is doing business in Texas or committed tortious acts in Texas. *Saidara*, 633 S.W.3d at 126. If the plaintiff does not meet this burden, the defendant need only prove that it does not reside in Texas to negate jurisdiction. *See Siskind v. Villa Found. for Educ., Inc.*, 642 S.W.2d 434, 438 (Tex. 1982).

In light of the above standards, and based on the record before us, we cannot conclude the trial court erred in sustaining CFL's special appearance and thus overrule Smith's fourth issue. We also overrule Smith's first issue because the record does not support Smith's assertion that Smith offered, or that the trial court refused to consider, any specific evidence or case law in reaching its decision on CFL's special appearance, and any alleged error in that regard has been waived. *See* TEX. R. APP. P. 33.1(a).[16]

---

[16] Rule 33.1 states, in part:

    (a) In General. As a prerequisite to presenting a complaint for appellate review, the record must show that:

        (1) the complaint was made to the trial court by a timely request, objection, or motion that:

## D.    Remaining Issues:  Rule 91a Dismissal Based on Limitations

In his remaining issues, Smith asserts the trial court erred in various respects in dismissing, under rule 91a, his claims against appellees on the basis of limitations.

Ten appellees moved to dismiss Smith's claims on the basis of limitations,[17] arguing his claims had no basis in law because Smith's pleading alleged he first knew of the alleged misappropriations of trade secrets on January 25, 2018, more than four years before he filed suit, and after the expiration of the three-year statute of limitations.[18]

While only ten defendants filed a rule 91a motion to dismiss, the trial court dismissed Smith's claims against all eighteen appellees on the basis of limitations, stating, in part, in the dismissal order:

        (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context; and

        (B) complied with the requirements of the Texas Rules of Evidence or the Texas Rules of Civil or Appellate Procedure; and

  (2) the trial court:

        (A) ruled on the request, objection, or motion, either expressly or implicitly; or

        (B) refused to rule on the request, objection, or motion, and the complaining party objected to the refusal.

[17] These appellees were WWE, Inc., Carol and Frank Riddick, McMahon, Cardinale, Redbird Capital, Polion, Jackson, and Dundon.

[18] *See* TEX. CIV. PRAC. & REM. CODE § 16.010, which states:

(a) A person must bring suit for misappropriation of trade secrets not later than three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered.

(b) A misappropriation of trade secrets that continues over time is a single cause of action and the limitations period described by Subsection (a) begins running without regard to whether the misappropriation is a single or continuing act.

With respect to the Defendants' Rule 91a motions to dismiss, the Court has considered the pleadings and arguments of counsel and finds that [Smith's] claims against Defendants are barred by the statute of limitations on the face of [Smith's] Petition. The Court further finds that granting leave to amend the Petition would be futile. Accordingly, [Smith's] claims against Defendants WWE, Inc., Carrol Riddick, Frank Riddick, Vince McMahon, Scott Jackson, Dick Ebersol, Charlie Ebersol, ESPN, Inc., Bill Polion, Reggie Fowler, Tom Dundon, Alpha Acquico, LLC, Dwayne Johnson, [Danny] Garcia, Gerry Cardinale, Redbird Capital Partners, LLC, CFL, and MGM Resorts International Operations, Inc. should be DISMISSED WITH PREJUDICE.

### 1. Error in Dismissing Claims Against CFL With Prejudice

Although not delineated as a separate issue, in his principal brief, Smith argues, "The trial court issued an order of dismissal with prejudice in error."

We agree with this argument as to the portion of the dismissal order that dismissed with prejudice Smith's claims against CFL. Above, we quoted a portion of the dismissal order, and as that language indicates, included among the claims against the eighteen appellees that the trial court dismissed with prejudice under rule 91a were Smith's claims against CFL, the same appellee for whom the trial court granted a special appearance and determined the court lacked personal jurisdiction.

Because we have upheld the trial court's ruling it had no personal jurisdiction over CFL, the trial court necessarily erred in granting CFL's rule 91a motion to dismiss and dismissing with prejudice Smith's claims against CFL on the basis of limitations. *See Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023) ("Just one valid jurisdictional obstacle is enough for the court to halt further proceedings. The fundamental rule is that the court may not reach the merits if it

–21–

finds a single valid basis to defeat jurisdiction."); *Antonio v. Marino*, 910 S.W.2d 624, 629 (Tex. App.—Houston [14th Dist.] 1995, no pet.) (op. on rehr'g) (stating, in case in which trial court granted the same defendant's special appearance and motion to dismiss based on forum non conveniens, "If a trial court has no personal jurisdiction over the defendants, it has no jurisdiction to dismiss on the grounds of forum non conveniens . . . . Because we have upheld the trial court's ruling that it had no personal jurisdiction, the trial court necessarily erred in ruling on the motion to dismiss on the ground of forum non conveniens.") (citation omitted).

As we explained in *In re C.H.*, No. 05-21-00015-CV, 2022 WL 2187451, at *2 (Tex. App.—Dallas June 17, 2022, no pet.) (mem. op.):

> A trial court's special appearance ruling should not render a judgment on the merits, and dismissing with prejudice functions as a judgment on the merits. *See Celanese Corp. v. Sahagun*, No. 05-16-00868-CV, 2017 WL 3405186, at *12 (Tex. App.—Dallas Aug. 9, 2017, pet. denied). An order dismissing claims for lack of personal jurisdiction precludes re-litigation of the jurisdictional issues that were actually litigated and essential to the dismissal; however, such an order does not preclude a second action asserting the same claims in a court that can establish personal jurisdiction based on issues that were not decided in the first action. *Nguyen v. Desai*, 132 S.W.3d 115, 118 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)).

We sustain Smith's unenumerated issue to the extent the trial court dismissed with prejudice, under rule 91a, Smith's claims against CFL, a defendant over which the trial court determined it had no personal jurisdiction. As a result, and consistent with *Texas Right to Life v. Van Stean*, No. 23-0468, 2024 WL 4863170, at *6 (Tex.

–22–

Nov. 22, 2024) (per curiam),[19] we vacate the portion of the trial court's dismissal order that dismissed Smith's claims against CFL with prejudice under rule 91a.

### 2. Rule 91a Standards

Except in certain circumstances not applicable here, rule 91a allows a party to move to dismiss a cause of action on the grounds that it has no basis in law or fact. *See* TEX. R. CIV. P. 91a.1. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. *Id.* A cause of action has no basis in fact if no reasonable person could believe the facts pleaded. *Id.* A rule 91a motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. TEX. R. CIV. P. 91a.2.

We review the merits of a rule 91a ruling de novo. *In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding). Whether a defendant is entitled to dismissal under the facts alleged is a legal question. *Id.*

Rule 91a provides a harsh remedy and should be strictly construed. *Long v. Long*, 681 S.W.3d 805, 816 (Tex. App.—Dallas 2023, no pet.); *Davis v. Homeowners of Am. Ins. Co.*, No. 05-21-00092-CV, 2023 WL 3735115, at *2 (Tex.

---

[19] *Van Stean* involved a question regarding subject matter jurisdiction and a dismissal of claims under the Texas Citizens Participation Act. In that context—a distinction without a difference in this case, in our view—the Texas Supreme Court stated the court of appeals should "vacate the trial court's [TCPA dismissal] orders and dismiss the case without any remand" if it determined that the plaintiffs lacked standing, a result that necessarily meant the trial court lacked jurisdiction. *Van Stean*, 2024 WL 4863170, at *6.

App.—Dallas May 31, 2023, no pet.); *Renate Nixdorf GmbH & Co. KG v. TRA Midland Props., LLC*, No. 05-17-00577-CV, 2019 WL 92038, at *10 (Tex. App.—Dallas Jan. 3, 2019, pet. denied) (mem. op.); *In re RNDC Tex., LLC*, No. 05-18-00555-CV, 2018 WL 2773262, at *1 (Tex. App.—Dallas June 11, 2018, orig. proceeding) (mem. op.). Rule 91a is not a substitute for special exception practice under rule 91 or summary judgment practice under rule 166a, both of which come with protective features against precipitate summary dispositions on the merits. *Long*, 681 S.W.3d at 816; *Davis*, 2023 WL 3735115, at *2; *Royale v. Knightvest Mgmt., LLC*, No. 05-18-00908-CV, 2019 WL 4126600, at *4 (Tex. App.—Dallas Aug. 30, 2019, no pet.) (mem. op.).

To determine whether dismissal under rule 91a is required, we apply the fair-notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *Thomas v. 462 Thomas Fam. Props., LP*, 559 S.W.3d 634, 639 (Tex. App.—Dallas 2018, pet. denied). Under this standard, "we must construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the cause of action has a basis in law or fact." *In re RNDC*, 2018 WL 2773262, at *1.

Except as required by rule 91a.7,[20] the trial court may not consider evidence in ruling on the motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by rule 59. TEX. R. CIV. P. 91a.6.

Typically, there are two circumstances in which a court may determine a cause of action has no basis in law under rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action, or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested. *Long*, 681 S.W.3d at 817–18.

Rule 91a permits motions to dismiss based on affirmative defenses "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 656 (Tex. 2020) (quoting TEX. R. CIV. P. 91a.1)). In deciding a rule 91a motion, a court may consider the defendant's pleadings if doing so is necessary to make the legal determination of whether an affirmative defense is properly before the court. *Id*. "Of course, some affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because Rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss." *Id*. (emphasis added).

---

[20] *See* TEX. R. CIV. P. 91a.7 (stating, in part, "Any award of costs or fees must be based on evidence.").

### 3. Second and Third Issues: No Amended Pleading

In his second issue, and as part of his arguments concerning his third issue, Smith argues the trial court erred by failing to grant him leave to submit an amended petition, an intention he expressed in the October 20, 2022 hearing and asked the trial court to allow him to do. We disagree. Civil procedure rule 91a.5 states:

> (a) The court may not rule on a motion to dismiss if, at least 3 days before the date of the hearing, the respondent files a nonsuit of the challenged cause of action, or the movant files a withdrawal of the motion.
>
> (b) If the respondent amends the challenged cause of action at least 3 days before the date of the hearing, the movant may, before the date of the hearing, file a withdrawal of the motion or an amended motion directed to the amended cause of action.
>
> (c) Except by agreement of the parties, the court must rule on a motion unless it has been withdrawn or the cause of action has been nonsuited in accordance with (a) or (b). In ruling on the motion, the court must not consider a nonsuit or amendment not filed as permitted by paragraphs (a) or (b).
>
> (d) An amended motion filed in accordance with (b) restarts the time periods in this rule.

TEX. R. CIV. P. 91a.5.

As rule 91a.5(b) indicates, Smith could have amended his challenged causes of action at least three days before the October 20, 2022 hearing. He did not do so. Because there was no agreement of the parties otherwise, the trial court was required to rule on the motion under the circumstances, *see* TEX. R. CIV. P. 91a.5(c), and in doing so, the trial court could not consider a nonsuit or amendment not filed as

permitted by paragraphs (a) or (b). *Id.* Thus, we conclude the trial court did not err in failing to allow Smith to amend his pleading.

We overrule Smith's second issue and overrule his third issue to the extent it is based upon an argument that the trial court erred by failing to grant him leave to submit an amended petition.

### 4.   Third Issue:  Error Due to Equitable Estoppel Allegations

In his third issue, Smith argues the trial court erred in dismissing his claims under rule 91a due to limitations because he should have been allowed leave to amend his pleading—an argument we already considered and rejected above—and because the trial court ignored his allegations regarding equitable estoppel and fraud by non-disclosure.

Viewed liberally, and taken as true, Smith's pleading asserts, on one hand, that the trial court should allow his claims to proceed despite an anticipated statute of limitations defense because of his allegations of fraud by non-disclosure by certain defendants and the concept of equitable estoppel.  Smith raised this in the rule 91a hearing as well.

However, despite his arguments, Smith's pleading demonstrates that his allegations, taken as true, together with inferences reasonably drawn from them, do not entitle him to the relief sought.  *See* TEX. R. CIV. P. 91a.1.  ("A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought.");

*Bethel*, 595 S.W.3d at 656 (permitting rule 91a dismissals based on affirmative defenses "if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought"); *Long*, 681 S.W.3d at 817–18 (indicating there are typically two circumstances in which a court may determine a cause of action has no basis in law under rule 91a: (1) where the plaintiff fails to plead a legally cognizable cause of action, which has not been argued here, or (2) where the allegations in the plaintiff's own pleading establish a complete legal bar to the plaintiff's claims by affirmatively negating entitlement to the relief requested).

In paragraph forty-one of his pleading, Smith alleges he "is treating January 25, 2018, as the date of accrual that they should have reasonably been expected to (and did) learn of the original misappropriation and the date when the statute of limitations should have begun tolling, which would have resulted in the date of January 25, 2021, as the date the statute of limitations would have tolled." In the same paragraph, Smith also alleges he "was by that date aware of the original misappropriations and was pursuing legal representation, having failed to secure said representation because counsel has been reluctant to take this matter for a variety of reasons" and alleges "the Supreme Court of Texas issued orders extending all filing deadlines from March 2020, until October 1, 2021, due to the COVID-19 pandemic, further extending the deadline until that date." Smith filed suit on July 19, 2022.

–28–

Under the circumstances, we cannot conclude the trial court erred in dismissing with prejudice under rule 91a Smith's claims against the seventeen appellees besides CFL.[21]  Taking his allegations as true, together with inferences reasonably drawn from them, Smith's pleading demonstrates that, despite any alleged fraud by nondisclosure by certain defendants, he knew of the alleged misappropriation of trade secrets by January 25, 2018, more than four years before he filed suit.  Even if we take as true his allegations regarding his inability to find counsel and the Supreme Court's COVID-19 orders and related extensions, based solely on those allegations, Smith should have filed suit by no later than October 1, 2021, well before he filed suit on July 19, 2022.  We overrule Smith's third issue.

### 5.   Fifth Issue:  Participants in 91a Hearing

In his fifth issue, Smith argues the trial court erred "by allowing defendants not party to the motion to dismiss hearing to participate in the hearing including entering and granting motions as well as addressing the court," and, in a parenthetical, he states, "one counselor for one defendant who was party to the hearing expressed concern at this practice being allowed during the hearing."

Though we have grave concerns about the rule 91a process followed here— as we alluded to when explaining, in footnote three, the peculiar rule 91a circumstances here—we must overrule this issue because our hands are tied by

---

[21] We need not address this issue as to CFL in light of our conclusions in parts III.C.2. and III.D.1.  *See* Tᴇx. R. Cɪv. P. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal.").

Texas Rule of Civil Procedure 33.1(a). *See* TEX. R. CIV. P. 33.1(a). Because Smith did not object or secure any ruling from the trial court regarding his current complaint, we have no choice but to conclude, based on the record before us, Smith's current complaint has been waived. *See id.* We overrule Smith's fifth issue.

### 6. Sixth Issue: Hearing Despite Bankruptcy Issues

We construe Smith's sixth issue as a complaint that the trial court erred in proceeding with the rule 91a dismissal hearing despite the existence of the suggestions of bankruptcy being filed by Alpha Entertainment, LLC and Legendary Field Exhibitions, LLC. As with his fifth issue, Texas Rule of Appellate Procedure 33.1(a) ties our hands. Because Smith did not object or secure any ruling from the trial court regarding his current complaint, we have no choice but to conclude, based on the record before us, that his current complaint has been waived. *See id.* We overrule Smith's sixth issue.

### IV. CONCLUSION

We vacate the portion of the trial court's order dismissing Smith's claims against CFL with prejudice under rule 91a because the trial court lacked personal jurisdiction over CFL. In all other respects, we affirm the trial court's order.

/Ken Molberg/
KEN MOLBERG
JUSTICE

230009f.p05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DAVID ADRIAN SMITH, Appellant

No. 05-23-00009-CV　　　V.

WWE, INC., CAROL RIDDICK, FRANK RIDDICK, VINCE McMAHON, SCOTT JACKSON, DICK EBERSOL, CHARLIE EBERSOL, ESPN, INC., BILL POLION, REGGIE FOWLER, TOM DUNDON; ALPHA ACQUICO, LLC; DWAYNE JOHNSON; DANNY GARCIA; GERRY CARDINALE; REDBIRD CAPITAL PARTNERS, LLC; CANADIAN FOOTBALL LEAGUE; and MGM RESORTS INTERNATIONAL OPERATIONS, INC., Appellees

On Appeal from the 101st Judicial District Court, Dallas County, Texas Trial Court Cause No. DC-22-08146. Opinion delivered by Justice Molberg. Justices Reichek and Smith participating.

　　　　In accordance with this Court's opinion of this date, we **VACATE** the portion of the trial court's October 26, 2022 "Final Order of Dismissal" that dismissed, with prejudice under rule 91a, David Adrian Smith's claims against Canadian Football League.  In all other respects, the trial court's order is **AFFIRMED**.

　　　　It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 6th day of December, 2024.